**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-CV-02546 NRN

LCI, a Minor, GMI, a Minor, MTI, a Minor, and KERI INNIS their Guardian, and Next Friend, XHK, a Minor, PRISCILLA MULLER and COLBY KUEMMERLIN, his Guardians, and Next Friends, MSH, a Minor, MATIN SAAHIRA HAAMID, her Guardian, and Next Friend, and MDF, a Minor, RAQUELLE FERGUSON and JONATHAN FERGUSON, his Guardians, and Next Friends

Plaintiffs,

v.

POUDRE SCHOOL DISTRICT R-1; COLORADO DEPARTMENT OF EDUCATION; COLORADO STATE BOARD OF EDUCATION; TYLER ZANELLA, an individual; and DOES 1-50, who are presently unknown persons,

Defendants.

---

**ANSWER TO COMPLAINT AND JURY DEMAND**

---

Defendant Poudre School District R-1, by and through its attorney, Catherine Tallerico of Lyons Gaddis, hereby answers Plaintiffs' Complaint as follows:

1. With reference to the allegations contained in paragraph 1 of Plaintiffs' Complaint, Defendant avers that the allegations are prefatory in nature and therefore no response is required. To the extent a response is required, Defendant denies the allegations. [1]

2. With reference to the allegations contained in paragraph 2 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

3. With reference to the allegations contained in paragraph 3 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

---

[1] Defendant Poudre School District R-1("Defendant") answers and responds only on behalf of itself and makes no representations on behalf of any other party.

4. With reference to the allegations contained in paragraph 4 of Plaintiffs' Complaint, the Defendant denies the allegations contained therein.

5. With reference to the allegations contained in paragraph 5 of Plaintiffs' Complaint, Defendant denies the allegations.

6. With reference to the allegations contained in paragraph 6 of Plaintiffs' Complaint, Defendant admits that Plaintiff LCI was a student at Shepardson Elementary School, an entity of the School District. Defendant avers LCI is a student eligible for specialized services under the Individuals with Disabilities Act ("IDEA"). Any remaining allegations are denied.

7. With reference to paragraph 7 of the Plaintiffs' Complaint, Defendant avers that the video footage cited speaks for itself. To the extent a response is required, Defendant is currently uninformed and therefore at this time denies the same.

8. With reference to paragraph 8 of Plaintiffs' Complaint, Defendant admits that Plaintiff GMI is a Minor who was a student at Shepardson Elementary School, which is a public school in the District. Defendant avers GMI is a student eligible for specialized services under the Individuals with Disabilities Act ("IDEA"). Any remaining allegations are denied.

9. With reference to paragraph 9 of Plaintiffs' Complaint, Defendant is currently uninformed of the allegations therein and therefore at this time denies the same.

10. With reference to paragraph 10 of Plaintiffs' Complaint, Defendant admits that Plaintiff MTI was a student at Shepardson Elementary School, which is a school within the District. Defendant avers MTI is a student eligible for specialized services under the Individuals with Disabilities Act ("IDEA"). Any remaining allegations are denied.

11. With reference to paragraph 11 of Plaintiffs' Complaint, Defendant avers that the video footage cited speaks for itself. To the extent a response is required, Defendant is currently uninformed and therefore at this time denies the same.

12. With reference to paragraph 12 of Plaintiffs' Complaint, Defendant is uninformed and therefore at this time denies the same.

13. With reference to the allegations contained in paragraph 13 of Plaintiff's Complaint, Defendant admits XKH was a student at Beacon Elementary, a school within the District. Defendant avers XKH is a student eligible for specialized services under the Individuals with Disabilities Act ("IDEA"). Any remaining allegations are denied.

14. With reference to the allegations contained in paragraph 14 of Plaintiffs' Complaint, Defendant avers that the video footage speaks for itself. To the extent of responses required, Defendant is currently uninformed and therefore at this time denies the same.

15. With reference to the allegations contained in paragraph 15 of Plaintiffs' Complaint, Defendant is currently uninformed and therefore at this time denies the same.

16. With reference to the allegations contained in paragraph 16 of Plaintiffs' Complaint, Defendant admits that MSH was a student at Shepardson Elementary School, a District School. Defendant avers MSH is a student eligible for specialized services under the Individuals with Disabilities Act ("IDEA"). Any remaining allegations are denied.

17. With reference to the allegations contained in paragraph 17 of Plaintiffs' Complaint, Defendant avers that the video footage speaks for itself. To the extent a response is required, Defendant is currently uninformed and therefore at this time denies the same.

18. With reference to the allegations contained in paragraph 18 of Plaintiffs' Complaint, Defendant is currently uninformed and therefore denies the same.

19. With reference to the allegations contained in paragraph 19 of Plaintiffs' Complaint, Defendant admits Plaintiff MDF was a student at Shepardson Elementary School, a District School. Defendant avers MDF is a student eligible for specialized services under the Individuals with Disabilities Act ("IDEA"). Any remaining allegations are denied.

20. With reference to the allegations contained in paragraph 20 of Plaintiffs' Complaint, Defendant avers that the video footage speaks for itself. To the extent a response is required, Defendant is currently uninformed and therefore denies the same.

21. With reference to the allegations contained in paragraph 21 of Plaintiffs' Complaint, Defendant is currently uninformed and therefore denies the same.

22. With reference to the allegations contained in paragraph 22 of Plaintiffs' Complaint, Defendant avers that the video footage speaks for itself. To the extent a response is required, Defendant is currently uninformed and therefore at this time denies the same.

23. With reference to the allegations contained in paragraph 23 of Plaintiffs' Complaint, Defendant avers that the video footage speaks for itself. To the extent a response is required, Defendant is currently uninformed and therefore at this time denies the same.

24. With reference to the allegations contained in paragraph 24 of Plaintiffs' Complaint, Defendant is currently uninformed and therefore at this time denies the same.

25. With reference to the allegations contained in paragraph 25 of Plaintiffs' Complaint, Defendant will assume Plaintiff intended to reference year 2023, and admits a

complaint was made about another student's behavior and that school staff rode the bus for a period of time thereafter. All remaining allegations are denied.

26. With reference to the allegations contained in paragraph 26 of Plaintiffs' Complaint, Defendant is currently uninformed and denies the same.

27. With reference to the allegations contained in paragraph 27 of Plaintiffs' Complaint, Defendant avers that referenced email speaks for itself. All remaining allegations are denied.

28. With reference to the allegations contained in paragraph 28 of Plaintiffs' Complaint, Defendant denies the same.

29. With reference to the allegations contained in paragraph 29 of Plaintiffs' Complaint, Defendant denies the same.

30. With reference to the allegations contained in paragraph 30 of Plaintiffs' Complaint, Defendant denies there was any cover-up and further denies the allegations in this paragraph.

31. With reference to the allegations contained in paragraph 31 of Plaintiffs' Complaint, Defendant admits that video footage exists and that the entirety of the same has been provided to law enforcement. Any remaining allegations set forth in this paragraph are denied.

32. With reference to the allegations contained in paragraph 32 of Plaintiffs' Complaint, Defendant denies the same.

33. With reference to the allegations contained in paragraph 33 of Plaintiffs' Complaint, Defendant denies the same.

34. With reference to the allegations contained in paragraph 34 of Plaintiffs' Complaint, Defendant denies the same.

35. With reference to the allegations contained in paragraph 35 of Plaintiffs' Complaint, Defendant denies the same.

36. With reference to the allegations contained in paragraph 36 of Plaintiffs' Complaint, Defendant denies the same.

37. With reference to paragraph 37 of Plaintiffs' Complaint, Defendant admits that it is a School District created by the laws of the State of Colorado, located in the City of Fort Collins, County of Larimer, and that Shepardson Elementary School and Bacon Elementary School are within Poudre School District R-1. Any remaining allegations of said paragraph are denied.

38. With reference to the allegations contained in paragraph 38 of Plaintiffs' Complaint, Defendant is currently uninformed and therefore at this time denies the same.

39. With reference to the allegations contained in paragraph 39 of Plaintiffs' Complaint, Defendant is currently uninformed and therefore denies the same.

40. With reference to the allegations contained in paragraph 40 of Plaintiffs' Complaint, Defendant admits jurisdiction and venue are proper. Defendant denies any remaining claims set forth in said paragraph.

41. With reference to the allegations set forth in paragraph 41 of Plaintiffs' Complaint, Defendant admits it received various notices of claim from the Plaintiffs, which were not substantively responded to. Defendant denies that any response was required and denies any further allegations set forth in said paragraph.

42. With reference to paragraph 42 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to the allegations incorporated in said paragraph.

43. In reference to paragraph 43 of Plaintiffs' Complaint, Defendant avers that the statute cited speaks for itself and denies allegations inconsistent with the plain language therein, as well as the alleged violations.

44. With respect to paragraph 44 of Plaintiffs' Complaint, Defendant admits that the Children Plaintiffs were all eligible for specialized services under the IDEA and that they all had Individual Education Plans ("IEPs"), which speak for themselves. Defendant denies any remaining allegations set forth in said paragraph.

45. With reference to the allegations contained in paragraph 45 of Plaintiffs' Complaint, the Defendant avers that the statutes as well as the Constitutional Amendments cited speak for themselves and denies allegations inconsistent with the plain language therein, as well as the alleged violations.

46. With reference to the allegations contained in paragraphs 46 and 47 of Plaintiffs' Complaint, Defendant denies the same.

47. With reference to the allegations contained in paragraphs 48 and 52 through 56 of Plaintiffs' Complaint, said allegations are denied.

48. With reference to the allegations contained in paragraphs 49 through 51 of Plaintiffs' Complaint, the Defendant avers that the statute as well as the Constitutional Amendments and case law cited speak for themselves and denies allegations inconsistent with the plain language therein, as well as the alleged violations.

49. With reference to the allegations contained in paragraph 57 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to allegations incorporated by said paragraph.

50. With reference to the allegations contained in paragraph 58 of Plaintiffs' Complaint, Defendant admits Children Plaintiffs have IEP's and receive special services as stated in the IEPs. Defendant denies any remaining allegations set forth in said paragraph.

51. With reference to the allegations contained in paragraphs 59 through 66 of Plaintiffs' Complaint, Defendant denies said allegations.

52. With reference to the allegations contained in paragraph 67 through 78 of Plaintiffs' Complaint, these allegations do not pertain to the School District Defendant. If any allegations are later deemed to apply to this Defendant, the Defendant denies said allegations.

53. With reference to the allegations contained in paragraph 79 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to allegations incorporated by said paragraph.

54. With reference to the allegations contained in paragraphs 80 through 82 of Plaintiffs' Complaint, Defendant denies said allegations.

55. With reference to the allegations contained in paragraph 83 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to allegations incorporated by said paragraph.

56. With reference to the allegations contained in paragraph 84 of Plaintiffs' Complaint, Defendant admits the same.

57. With reference to the allegations contained in paragraphs 85 through 89 of Plaintiffs' Complaint, Defendant denies said allegations.

58. With reference to the allegations contained in paragraph 90 of Plaintiff's Complaint, the Defendant avers that the statutory authority as well as the Constitutional Amendments and case law speak for themselves and denies allegations inconsistent with the plain language therein, as well as the alleged violations.

59. With reference to the allegations contained in paragraphs 91 and 92 of Plaintiffs' Complaint, Defendant denies said allegations.

60. With reference to the allegations contained in paragraph 93 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to allegations incorporated by said paragraph.

61. With reference to the allegations contained in paragraph 94 of Plaintiffs' Complaint, the allegations contained therein constitute legal conclusions to which no response is required. If a response is later required, the same is denied.

62. With reference to the allegations contained in paragraphs 95 through 102 of Plaintiffs' Complaint, Defendant denies said allegations.

63. Defendant denies all allegations not otherwise expressly admitted herein, including but not limited to any allegations contained in exhibits, footnotes, and/or tables.

a. <u>Defenses</u>

1. Defendant's actions at all times complied with constitutional, statutory, and common law obligations.

2. Plaintiffs cannot prove Defendant's conduct was deliberately indifferent to the Plaintiffs.

3. Defendant's conduct toward the Children Plaintiffs was non-discriminatory in all respects.

4. Plaintiffs' recoverable damages, if any, are not to the nature and extent alleged and were not caused by Defendant School District.

5. Plaintiffs' allegations on their face do not describe conduct that would constitute severe and pervasive sexual harassment.

6. Plaintiffs failed to provide notice of alleged sexual harassment to an official of the school district who, at a minimum, had authority to initiate corrective measures.

7. Plaintiffs cannot state a claim for which relief may be granted.

8. Children Plaintiffs were not denied educational opportunities or benefits.

9. The District's actions were reasonable in light of known circumstances.

10. Plaintiffs may have failed to exhaust administrative remedies.

11. Punitive damages are not available on some or all claims for relief.

<u>Request for Relief</u>

Wherefore, having answered Plaintiffs' Complaint, Defendant respectfully requests that the Court:

a) Dismiss Plaintiffs' Complaint with prejudice;

b) Enter judgment in favor of Defendant and against Plaintiffs for its attorney's fees;

c) Enter judgment in favor of Defendant and against Plaintiffs for its costs;

d) Order such other relief as the Court deems just and proper.

Jury Demand

PURSUANT TO FED.R.CIV.P.38, DEFENDANT HEREBY DEMANDS THAT THIS CASE BE TRIED TO A JURY.

Respectfully Submitted,

*/s/ Catherine A. Tallerico*

Catherine Tallerico
Attorney for Defendant
Lyons Gaddis PC
PO Box 978
Longmont, CO 80502
Telephone: (303) 776-9900
Facsimile: (303) 362-6247
ctallerico@lyonsgaddis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 11th day of December, 2023 I electronically filed the foregoing **ANSWER TO COMPLAINT AND JURY DEMAND** using the CM/ECF system which will send notification of such filing to the following:

Stephen J. Baity
Baity & Lindvig, LLC
PO Box 370232
Denver, CO 80237

Calvin A. Marshall
Mark A. Ozzello
The Ozzello Practice PC
12777 W. Jefferson Blvd.
Bldg. D
Suite 300
Los Angeles, CA 90066
*Attorneys for Plaintiffs*

Tyler Zanella
8003 5th St.
Wellington, CO 80549

*/s/ Carolyn Smoot*