IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-02546-RMR-NRN
*(Consolidated for all purposes with Civil Action No. 24-cv-02723-KAS)*

LCI, a minor, GMI, a minor, and MTI, a minor, by and through parent and next friend KERI INNIS,
XHK, a minor, by and through parents and next friends PRISCILLA MULLER and COLBY KUEMMERLIN,
MSH, a minor, by and through parent and next friend MATIN SAAHIRA HAAMID,
MDF, a minor, by and through parents and next friends RAQUELLE FERGUSON and JONATHAN FERGUSON, and
AAW, a minor, by and through parent and next friend NIKITA ELIJAH,
Plaintiffs,

v.

POUDRE SCHOOL DISTRICT R-1,
TYLER ZANELLA, an individual, and
DOES 1-50, who are presently unknown persons,
Defendants.

***and***

A.M., a minor, by and through parents and next friends D.M. and B.M., and
I.H., a minor, by and through parents and next friends S.H. and W.H.,
Plaintiffs,

v.

POUDRE SCHOOL DISTRICT R-1,
WAYNE THORNES, in his individual capacity,
EMILY BICKERTON, in her individual capacity,
DAVID OLIVER, in his individual capacity,
SONJA NOVOVESKY, in her individual capacity, and
JOHN DOES 1-5, in their individual capacities,
Defendants.

---

**DEFENDANT EMILY BICKERTON'S ANSWER TO COMPLAINT OF A.M. AND I.H., WITH JURY DEMAND**

---

Defendant EMILY BICKERTON hereby answers the Complaint and Jury Demand filed by Plaintiffs A.M., a minor, by and through their parents and next friends D.M. and B.M.; and I.H., a minor, by and through their parents and next friends S.H. and W.H. (Doc. 1, Civil Action No. 24-cv-2723-KAS, "Complaint"), as follows.

## I. ANSWER TO INTRODUCTION

1. Defendant Bickerton admits the allegations contained in paragraph 1 of Plaintiffs' Complaint but denies that Plaintiffs A.M. and I.H. were non-verbal.

2. As to the allegations in paragraph 2 of Plaintiffs' Complaint, Defendant Bickerton admits Plaintiffs A.M. and I.H. traveled to and from their school on the bus staffed by Zanella. Defendant Bickerton further admits Zanella inflicted abuse on Plaintiffs A.M. and I.H., the extent and manner of which was captured by bus surveillance video, which speaks for itself. Defendant Bickerton affirmatively states that she was not made aware and did not become aware of any allegations of abuse being inflicted by Zanella until May 23, 2023. Defendant Bickerton otherwise denies all remaining allegations in paragraph 2 of Plaintiffs' Complaint.

3. As to the allegations in paragraph 3 of Plaintiffs' Complaint, Defendant Bickerton admits background check results for Zanella from CBI/FBI were received on September 1, 2022, which included misdemeanor traffic offenses, including driving under the influence and failure to appear charges, as well as a 2012 conviction for "child abuse – negligence – no injury," but did not include a driving under the influence charge or conviction a week before he began his employment. Zanella was immediately contacted and asked for an explanation by Defendant Bickerton. Based upon all information

received; the fact that the child negligence charge was more than ten years old; Zanella's transparency regarding the 2012 charge; guidance from the Colorado Department of Education ("CDE"), the Equal Employment Opportunity Commission ("EEOC"), and Society for Human Resource Management ("SHRM"); and consultation with Human Resources Directors, Zanella was cleared to work by Defendant Bickerton on September 1, 2022. Defendant Bickerton was not made aware and did not become aware of any allegations of abuse being inflicted by Zanella until May 23, 2023. Defendant Bickerton otherwise denies all remaining allegations in paragraph 3 of Plaintiffs' Complaint.

4. As to the allegations contained in paragraph 4 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies liability in this case. Defendant Bickerton otherwise denies all remaining allegations in paragraph 4 of Plaintiffs' Complaint.

## II. ANSWER TO JURISDICTION AND VENUE

5. As to the allegations in paragraph 5 of Plaintiffs' Complaint, Defendant Bickerton admits this Court has jurisdiction over this case. Defendant Bickerton otherwise denies all remaining allegations in paragraph 5 of Plaintiffs' Complaint.

6. As to the allegations in paragraph 6 of Plaintiffs' Complaint, Defendant Bickerton admits that venue is proper in this Court. Defendant Bickerton otherwise denies all remaining allegations in paragraph 6 of Plaintiffs' Complaint.

## III. ANSWER TO PARTIES

7. Defendant Bickerton admits the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Defendant Bickerton admits the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. The allegations in paragraph 9 are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent an answer is deemed required, Defendant Bickerton admits and affirmatively states that Defendant Poudre School District ("PSD") is a School District created by the laws of the State of Colorado, located in the City of Fort Collins, County of Larimer, and that it governs and operates public schools within its boundaries. Defendant PSD manages the transportation of students to and from school. The PSD Transportation Department's supervisors are assigned to groups of schools and work with the Integrated Services Assistant Director to address concerns and support students with disabilities. Defendant Bickerton otherwise denies all remaining allegations in paragraph 9 of Plaintiffs' Complaint.

10. The allegations in paragraph 10 are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent an answer is deemed required, Defendant Bickerton admits the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. As to the allegations in paragraph 11 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

12. The allegations in paragraph 12 are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent an answer is deemed

required, Defendant Bickerton admits the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Defendant Bickerton admits the allegations in paragraph 13 of Plaintiffs' Complaint.

14. The allegations in paragraph 14 are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent an answer is deemed required, Defendant Bickerton denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. The allegations in paragraph 15 are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent an answer is deemed required, Defendant Bickerton admits the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. The allegations in paragraph 16 are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent an answer is deemed required, Defendant Bickerton is without sufficient knowledge or information to admit or to deny the allegations and therefore denies the same.

17. Defendant Bickerton admits the allegations in paragraph 17 of Plaintiffs' Complaint.

## IV. ANSWER TO FACTUAL ALLEGATIONS

18. Defendant Bickerton admits and affirmatively states that, on August 24, 2022, initial hiring approval of Zanella was granted by Defendant Bickerton to Defendant Novovesky. The approval was based on reference checks completed, application

materials, and no self-disclosed criminal history on the application. On August 29, 2022, Zanella completed a fingerprint appointment, submitted to CBI/FBI by the Human Resources Department. Background check results for Zanella from CBI/FBI were received on September 1, 2022, which included misdemeanor traffic offenses, including driving under the influence and failure to appear charges, as well as a 2012 conviction for "child abuse – negligence – no injury," but did not include a driving under the influence charge or conviction a week before he began his employment. Zanella was immediately contacted and asked for an explanation by Defendant Bickerton. Based upon all information received; the fact that the child negligence charge was more than ten years old; Zanella's transparency regarding the 2012 charge; guidance from the CDE, the EEOC, and SHRM; and consultation with Human Resources Directors, Zanella was cleared to work by Defendant Bickerton on September 1, 2022. Defendant Bickerton further admits and affirmatively states that paraprofessionals assist children with all types of special needs, including those who cannot assist themselves, and that Zanella's duties included tending to the children on the bus by, for example, helping them buckle in and stay safe during transport. Defendant Bickerton otherwise denies all remaining allegations in paragraph 18 of Plaintiffs' Complaint.

19. Defendant Bickerton admits the allegations contained in paragraph 19 of Plaintiffs' Complaint, and affirmatively states that Defendant Bickerton remained unaware of any allegations of abuse being inflicted by Zanella until May 23, 2023 – the day Defendant PSD notified Fort Collins Police Services regarding Zanella's actions.

20. Defendant Bickerton admits the allegations contained in paragraph 20 of Plaintiffs' Complaint, and affirmatively states that Defendant Bickerton remained unaware of any allegations of abuse being inflicted by Zanella until May 23, 2023 – the day Defendant PSD notified Fort Collins Police Services regarding Zanella's actions.

21. Defendant Bickerton admits the allegations in paragraph 21 of Plaintiffs' Complaint.

22. As to the allegations in paragraph 22 of Plaintiffs' Complaint, Defendant Bickerton admits and affirmatively states that Defendant Thornes contacted the parents of Plaintiff A.M., at Defendant Bickerton's request, about Zanella's actions on May 23, 2023, and that an in-person meeting was held on May 24, 2023. Defendant Bickerton lacks the information sufficient to allow her to admit or to deny the allegations contained in paragraph 22 related to the date of notification of Zanella's actions to the parents of Plaintiff I.H., but affirmatively states that notifications were made as Zanella's actions were confirmed by review of bus video surveillance in the days after May 23, 2023. Defendant Bickerton otherwise denies all remaining allegations in paragraph 22 of Plaintiffs' Complaint.

23. As to the allegations in paragraph 23 of Plaintiffs' Complaint, Defendant Bickerton admits that both A.M. and I.H. have autism. Defendant Bickerton is otherwise without sufficient knowledge or information to admit or to deny the remaining allegations in paragraph 23 of Plaintiffs' Complaint and therefore denies the same.

24. As to the allegations in paragraph 24 of Plaintiffs' Complaint, Defendant Bickerton admits Zanella inflicted abuse on Plaintiffs A.M. and I.H., the extent and manner

of which was captured by bus surveillance video, which speaks for itself. Defendant Bickerton affirmatively states that she was not made aware and did not become aware of any allegations of abuse being inflicted by Zanella until May 23, 2023. Defendant Bickerton is otherwise without sufficient knowledge or information to admit or to deny the remaining allegations in paragraph 24 of Plaintiffs' Complaint and therefore denies the same.

25. As to the allegations in paragraph 25 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

26. As to the allegations in paragraph 26 of Plaintiffs' Complaint, Defendant Bickerton admits Zanella inflicted abuse on Plaintiff A.M., the extent and manner of which was captured by bus surveillance video, which speaks for itself. Defendant Bickerton affirmatively states that she was not made aware and did not become aware of any allegations of abuse being inflicted by Zanella until May 23, 2023. Defendant Bickerton is otherwise without sufficient knowledge or information to admit or to deny the remaining allegations in paragraph 26 of Plaintiffs' Complaint and therefore denies the same.

27. As to the allegations in paragraph 27 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

28. As to the allegations in paragraph 28 of Plaintiffs' Complaint, Defendant Bickerton admits Zanella inflicted abuse on Plaintiff A.M., the extent and manner of which was captured by bus surveillance video, which speaks for itself. Defendant Bickerton

affirmatively states that she was not made aware and did not become aware of any allegations of abuse being inflicted by Zanella until May 23, 2023. Defendant Bickerton is otherwise without sufficient knowledge or information to admit or to deny the remaining allegations in paragraph 28 of Plaintiffs' Complaint and therefore denies the same.

29. As to the allegations in paragraph 29 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

30. Defendant Bickerton admits the allegations contained in paragraph 30 of Plaintiffs' Complaint, but affirmatively states that Defendant Bickerton was not made aware of this occurrence until after May 23, 2023.

31. Defendant Bickerton admits the allegations contained in paragraph 31 of Plaintiffs' Complaint, but affirmatively states that Defendant Bickerton was not made aware of this occurrence until after May 23, 2023.

32. As to the allegations in paragraph 32 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

33. As to the allegations in paragraph 33 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

34. As to the allegations in paragraph 34 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

35. As to the allegations in paragraph 35 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

36. As to the allegations in paragraph 36 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

37. As to the allegations in paragraph 37 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

38. As to the allegations in paragraph 38 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

39. As to the allegations in paragraph 39 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

40. As to the allegations in paragraph 40 of Plaintiffs' Complaint, Defendant Bickerton admits Zanella inflicted abuse on Plaintiff I.H., the extent and manner of which was captured by bus surveillance video, which speaks for itself. Defendant Bickerton affirmatively states that she was not made aware and did not become aware of any allegations of abuse being inflicted by Zanella until May 23, 2023. Defendant Bickerton is otherwise without sufficient knowledge or information to admit or to deny the remaining allegations in paragraph 40 of Plaintiffs' Complaint and therefore denies the same.

41. As to the allegations in paragraph 41 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

42. As to the allegations in paragraph 42 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

43. As to the allegations in paragraph 43 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

44. As to the allegations in paragraph 44 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

45. As to the allegations in paragraph 45 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

46. As to the allegations in paragraph 46 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

47. As to the allegations in paragraph 47 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

48. As to the allegations in paragraph 48 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

49. As to the allegations in paragraph 49 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

50. As to the allegations in paragraph 50 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

51. As to the allegations in paragraph 51 of Plaintiffs' Complaint, Defendant Bickerton admits background check results for Zanella from CBI/FBI were received on September 1, 2022, which included misdemeanor traffic offenses, including driving under the influence and failure to appear charges, as well as a 2012 conviction for "child abuse – negligence – no injury," but did not include a driving under the influence charge or conviction a week before he began his employment. Zanella was immediately contacted and asked for an explanation by Defendant Bickerton. Based upon all information received; the fact that the child negligence charge was more than ten years old; Zanella's transparency regarding the 2012 charge; guidance from the CDE, the EEOC, and SHRM; and consultation with Human Resources Directors, Zanella was cleared to work on September 1, 2022, by Defendant Bickerton. Defendant Bickerton affirmatively states that she was not made aware and did not become aware of any allegations of abuse being

inflicted by Zanella until May 23, 2023. Defendant Bickerton otherwise denies all remaining allegations in paragraph 51 of Plaintiffs' Complaint.

52. As to the allegations in paragraph 52 of Plaintiffs' Complaint, Defendant Bickerton admits and affirmatively states that, on August 24, 2022, initial hiring approval of Zanella was granted by Defendant Bickerton to Defendant Novovesky. The approval was based on reference checks completed, application materials, and no self-disclosed criminal history on the application. On August 29, 2022, Zanella completed a fingerprint appointment, submitted to CBI/FBI by the Human Resources Department. Background check results for Zanella from CBI/FBI were received on September 1, 2022, which included misdemeanor traffic offenses, including driving under the influence and failure to appear charges, as well as a 2012 conviction for "child abuse – negligence – no injury," but did not include a driving under the influence charge or conviction a week before he began his employment. Zanella was immediately contacted and asked for an explanation by Defendant Bickerton. Based upon all information received; the fact that the child negligence charge was more than ten years old; Zanella's transparency regarding the 2012 charge; guidance from the CDE, the EEOC, and SHRM; and consultation with Human Resources Directors, Zanella was cleared to work by Defendant Bickerton on September 1, 2022. Defendant Bickerton affirmatively states that she was not made aware and did not become aware of any allegations of abuse being inflicted by Zanella until May 23, 2023. Defendant Bickerton otherwise denies all remaining allegations in paragraph 52 of Plaintiffs' Complaint.

53. As to the allegations in paragraph 53 of Plaintiffs' Complaint, Defendant Bickerton admits and affirmatively states that the background check results for Zanella from CBI/FBI were received on September 1, 2022, which included misdemeanor traffic offenses, including driving under the influence and failure to appear charges. Defendant Bickerton otherwise denies all remaining allegations in paragraph 53 of Plaintiffs' Complaint.

54. As to the allegations in paragraph 54 of Plaintiffs' Complaint, Defendant Bickerton admits the background check results for Zanella from CBI/FBI were received on September 1, 2022, which included misdemeanor traffic offenses, including driving under the influence and failure to appear charges, as well as a 2012 conviction for "child abuse – negligence – no injury," but did not include a driving under the influence charge or conviction a week before he began his employment. Zanella was immediately contacted and asked for an explanation by Defendant Bickerton. Based upon all information received; the fact that the child negligence charge was more than ten years old; Zanella's transparency regarding the 2012 charge; guidance from the CDE, the EEOC, and SHRM; and consultation with Human Resources Directors, Zanella was cleared to work on September 1, 2022, by Defendant Bickerton. Defendant Bickerton otherwise denies all remaining allegations in paragraph 54 of Plaintiffs' Complaint.

55. As to the allegations in paragraph 55 of Plaintiffs' Complaint, Defendant Bickerton admits and affirmatively states that she sought guidance from the CDE, the EEOC, and SHRM, and that she consulted with other Human Resources Directors, about Zanella's criminal history before Zanella was cleared to work on September 1, 2022, by

Defendant Bickerton. Defendant Bickerton otherwise denies all remaining allegations in paragraph 55.

56. Defendant Bickerton admits the allegations in paragraph 56 of Plaintiffs' Complaint.

57. As to the allegations in paragraph 57 of Plaintiffs' Complaint, Defendant Bickerton admits and affirmatively states that on August 24, 2022, initial hiring approval of Zanella was granted by Defendant Bickerton to Defendant Novovesky. The approval was based on reference checks completed, application materials, and no self-disclosed criminal history on the application. On August 29, 2022, Zanella completed a fingerprint appointment, submitted to CBI/FBI by the Human Resources Department. Background check results for Zanella from CBI/FBI were received on September 1, 2022, which included misdemeanor traffic offenses, including driving under the influence and failure to appear charges, as well as a 2012 conviction for "child abuse – negligence – no injury," but did not include a driving under the influence charge or conviction a week before he began his employment. Zanella was immediately contacted and asked for an explanation by Defendant Bickerton. Based upon all information received; the fact that the child negligence charge was more than ten years old; Zanella's transparency regarding the 2012 charge; guidance from the CDE, the EEOC, and SHRM; and consultation with Human Resources Directors, Zanella was cleared to work by Defendant Bickerton on September 1, 2022. Defendant Bickerton affirmatively states that she was not made aware and did not become aware of any allegations of abuse being inflicted by Zanella

until May 23, 2023. Defendant Bickerton otherwise denies all remaining allegations in paragraph 57 of Plaintiffs' Complaint.

58. As to the allegations in paragraph 58 of Plaintiffs' Complaint, Defendant Bickerton admits and affirmatively states that, on August 24, 2022, initial hiring approval of Zanella was granted by Defendant Bickerton to Defendant Novovesky. The approval was based on reference checks completed, application materials, and no self-disclosed criminal history on the application. On August 29, 2022, Zanella completed a fingerprint appointment, submitted to CBI/FBI by the Human Resources Department, and began working. Defendant Bickerton further affirmatively states that the Human Resources Department has since implemented measures to ensure that employees do not begin work until after their background check is cleared. Defendant Bickerton otherwise denies all remaining allegations in paragraph 58 of Plaintiffs' Complaint.

59. Defendant Bickerton denies the allegations in paragraph 59 of Plaintiffs' Complaint.

60. As to the allegations in paragraph 60 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

61. As to the allegations in paragraph 61 of Plaintiffs' Complaint, Defendant Bickerton denies that she was aware of any allegations of abuse being inflicted by Zanella until May 23, 2023. Defendant Bickerton is otherwise without sufficient knowledge or information to admit or to deny the remaining allegations and therefore denies the same.

62. As to the allegations in paragraph 62 of Plaintiffs' Complaint, Defendant Bickerton denies that she was aware of any allegations of abuse being inflicted by Zanella until May 23, 2023. Defendant Bickerton is otherwise without sufficient knowledge or information to admit or to deny the remaining allegations and therefore denies the same.

63. As to the allegations in paragraph 63 of Plaintiffs' Complaint, Defendant Bickerton denies that she was aware of any allegations of abuse being inflicted by Zanella until May 23, 2023. Defendant Bickerton is otherwise without sufficient knowledge or information to admit or to deny the remaining allegations and therefore denies the same.

64. As to the allegations in paragraph 64 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

65. As to the allegations in paragraph 65 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

66. As to the allegations in paragraph 66 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

67. As to the allegations in paragraph 67 of Plaintiffs' Complaint, Defendant Bickerton denies that she was aware of any allegations of abuse being inflicted by Zanella until May 23, 2023. Defendant Bickerton is otherwise without sufficient knowledge or information to admit or to deny the remaining allegations and therefore denies the same.

68. As to the allegations in paragraph 68 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

69. As to the allegations in paragraph 69 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

70. As to the allegations in paragraph 70 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

71. As to the allegations in paragraph 71 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

72. As to the allegations in paragraph 72 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

73. As to the allegations in paragraph 73 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

74. As to the allegations in paragraph 74 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

75. As to the allegations in paragraph 75 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

76. Defendant Bickerton admits the allegations contained in paragraph 76 of Plaintiffs' Complaint, and affirmatively states that Defendant Bickerton was not made aware of this occurrence until May 23, 2023.

77. As to the allegations in paragraph 77 of Plaintiffs' Complaint, Defendant Bickerton admits and affirmatively states that the bus surveillance video speaks for itself. Defendant Bickerton further affirmatively states that she was not made aware of the referenced conversation between Zanella and Oliver until after May 23, 2023. Defendant Bickerton is otherwise without sufficient knowledge or information to admit or to deny the remaining allegations and therefore denies the same.

78. Defendant Bickerton admits the allegations in paragraph 78 of Plaintiffs' Complaint.

79. As to those allegations contained in paragraph 79 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the allegations.

80. As to the allegations in paragraph 80 of Plaintiffs' Complaint, Defendant Bickerton is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

81. As to those allegations contained in paragraph 81 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the allegations.

## V. ANSWER TO CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 1983
## 14th Amendment – Deliberate Indifference
## (Against All Defendants)

82. In response to paragraph 82 of Plaintiffs' Complaint, Defendant Bickerton incorporates hereby by reference her responses to paragraphs 1–81 as though set forth in full herein.

83. As to those allegations contained in paragraph 83 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton admits the allegations.

84. As to those allegations contained in paragraph 84 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton admits the allegations.

85. In response to paragraph 85 of Plaintiffs' Complaint, Defendant Bickerton states that the rights and privileges pursuant to the United States Constitution speak for themselves. Defendant Bickerton otherwise denies all remaining allegations in paragraph 85 of Plaintiffs' Complaint.

86. The allegations in paragraph 86 of Plaintiffs' Complaint are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent a response from Defendant Bickerton may be required, Defendant Bickerton is without sufficient knowledge or information to admit or to deny the allegations and therefore denies the same.

87. The allegations in paragraph 87 of Plaintiffs' Complaint are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent a response from Defendant Bickerton may be required, Defendant Bickerton is without

sufficient knowledge or information to admit or to deny the allegations and therefore denies the same.

88. The allegations in paragraph 88 of Plaintiffs' Complaint are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent a response from Defendant Bickerton may be required, Defendant Bickerton is without sufficient knowledge or information to admit or to deny the allegations and therefore denies the same.

89. The allegations in paragraph 89 of Plaintiffs' Complaint are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent a response from Defendant Bickerton may be required, Defendant Bickerton is without sufficient knowledge or information to admit or to deny the allegations and therefore denies the same.

90. Defendant Bickerton denies the allegations in paragraph 90 of Plaintiffs' Complaint.

91. Defendant Bickerton denies the allegations in paragraph 91 of Plaintiffs' Complaint.

92. Defendant Bickerton denies the allegations in paragraph 92 of Plaintiffs' Complaint.

93. Defendant Bickerton denies the allegations in paragraph 93 of Plaintiffs' Complaint.

94. Defendant Bickerton denies the allegations in paragraph 94 of Plaintiffs' Complaint.

95. As to those allegations contained in paragraph 95 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton admits that PSD did not have any policies or procedures in place regarding the retention or reviewing of bus surveillance video; however, Defendant Bickerton was not made aware and did not become aware of any allegations of abuse being inflicted by Zanella until May 23, 2023. Defendant Bickerton otherwise denies all remaining allegations contained in paragraph 95 of Plaintiffs' Complaint.

96. Defendant Bickerton denies the allegations in paragraph 96 of Plaintiffs' Complaint.

97. The allegations in paragraph 97 of Plaintiffs' Complaint are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent a response from Defendant Bickerton may be required, Defendant Bickerton is without sufficient knowledge or information to admit or to deny the allegations and therefore denies the same.

98. The allegations in paragraph 98 of Plaintiffs' Complaint are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent a response from Defendant Bickerton may be required, Defendant Bickerton is without sufficient knowledge or information to admit or to deny the allegations and therefore denies the same.

99. The allegations in paragraph 99 of Plaintiffs' Complaint are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent a response from Defendant Bickerton may be required, Defendant Bickerton is without

sufficient knowledge or information to admit or to deny the allegations and therefore denies the same.

100. As to those allegations contained in paragraph 100 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

101. As to those allegations contained in paragraph 101 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

102. As to those allegations contained in paragraph 102 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

103. As to those allegations contained in paragraph 103 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

104. As to those allegations contained in paragraph 104 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

105. As to those allegations contained in paragraph 105 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

106. As to those allegations contained in paragraph 106 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

107. As to those allegations contained in paragraph 107 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

108. As to those allegations contained in paragraph 108 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

109. As to those allegations contained in paragraph 109 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

110. As to those allegations contained in paragraph 110 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

111. As to those allegations contained in paragraph 111 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

112. As to the allegations in paragraph 112 of Plaintiffs' Complaint, Defendant Bickerton denies that she violated any PSD custom, policy, or practice. Defendant Bickerton otherwise is without knowledge and/or denies all remaining allegations in paragraph 112.

113. As to those allegations contained in paragraph 113 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

114. As to those allegations contained in paragraph 114 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

115. As to those allegations contained in paragraph 115 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

116. As to those allegations contained in paragraph 116 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

117. As to those allegations contained in paragraph 117 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 12131 *et seq*.**
**Title II of the Americans with Disabilities Act of 1990, as Amended**
**Disability-Based Harassment and Discrimination**
**(Against Defendant PSD)**

118. In response to paragraph 118 of Plaintiffs' Complaint, Defendant Bickerton incorporates hereby by reference her responses to paragraphs 1–117 as though set forth in full herein.

119–135. The allegations in paragraphs 119–135 of Plaintiffs' Complaint are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent a response from Defendant Bickerton may be required, Defendant Bickerton denies the same.

**THIRD CLAIM FOR RELIEF**
**29 U.S.C. § 701, *et seq*.**
**Section 504 of the Rehabilitation Act**
**Disability-Based Harassment and Discrimination**
**(Against Defendant PSD)**

136. In response to paragraph 136 of Plaintiffs' Complaint, Defendant Bickerton incorporates hereby by reference her responses to paragraphs 1–135 as though set forth in full herein.

137–152. The allegations in paragraphs 137–152 of Plaintiffs' Complaint are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent a response from Defendant Bickerton may be required, Defendant Bickerton denies the same.

**FOURTH CLAIM FOR RELIEF**
**Negligence**
**(Against Individual Defendants)**

153. In response to paragraph 153 of Plaintiffs' Complaint, Defendant Bickerton incorporates hereby by reference her responses to paragraphs 1–152 as though set forth in full herein.

154. As to those allegations contained in paragraph 154 of Plaintiffs' Complaint of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

155. As to those allegations contained in paragraph 155 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton admits the same.

156. Defendant Bickerton denies the allegations in paragraph 156 of Plaintiffs' Complaint.

157. As to those allegations contained in paragraph 157 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies that she breached any duty to Plaintiffs. Defendant Bickerton otherwise denies all remaining allegations in paragraph 157 of Plaintiffs' Complaint.

158. As to those allegations contained in paragraph 158 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies that she breached any duty to Plaintiffs. Defendant Bickerton otherwise denies all remaining allegations in paragraph 158 of Plaintiffs' Complaint.

159. As to those allegations contained in paragraph 159 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies that she breached any duty

to Plaintiffs. Defendant Bickerton otherwise denies all remaining allegations in paragraph 159 of Plaintiffs' Complaint.

160. As to those allegations contained in paragraph 160 of Plaintiffs' Complaint of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

161. As to those allegations contained in paragraph 161 of Plaintiffs' Complaint of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

162. As to those allegations contained in paragraph 162 of Plaintiffs' Complaint of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

163. As to those allegations contained in paragraph 163 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

164. As to those allegations contained in paragraph 164 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

165. As to those allegations contained in paragraph 165 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

**FIFTH CLAIM FOR RELIEF**
**Negligence Per Se**
**(Against Defendants Thornes, Oliver, and Novovesky)**

166. In response to paragraph 166 of Plaintiffs' Complaint, Defendant Bickerton incorporates hereby by reference her responses to paragraphs 1–165 as though set forth in full herein.

167–175. The allegations in paragraphs 167–175 of Plaintiffs' Complaint are not directed at Defendant Bickerton, so no response is required from Defendant Bickerton. To the extent a response from Defendant Bickerton may be required, Defendant Bickerton denies the same.

**SIXTH CLAIM FOR RELIEF**
**Outrageous Conduct**
**(Against Individual Defendants)**

176. In response to paragraph 176 of Plaintiffs' Complaint, Defendant Bickerton incorporates hereby by reference her responses to paragraphs 1–175 as though set forth in full herein.

177. As to those allegations contained in paragraph 177 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

178. As to those allegations contained in paragraph 178 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

179. As to those allegations contained in paragraph 179 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

180. As to those allegations contained in paragraph 180 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

181. As to those allegations contained in paragraph 181 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

182. As to those allegations contained in paragraph 182 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

183. As to those allegations contained in paragraph 183 of Plaintiffs' Complaint directed at Defendant Bickerton, Defendant Bickerton denies the same.

## GENERAL DENIAL

Defendant Bickerton denies each and every allegation contained in Plaintiffs' Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Defendant Bickerton alleges that Plaintiffs have failed to state a claim or cause of action against her upon which relief may be granted.

2. Defendant Bickerton's actions at all times complied with constitutional, statutory, and common law obligations.

3. Defendant Bickerton alleges that if Defendant Bickerton is found to be liable for any wrongful act under any state law or federal law claim raised by Plaintiffs, then Defendant Bickerton is entitled to a reduction in the damages asserted against her based on the fault or amount paid in settlement by any other Defendant, due to any provision of Colorado law including comparative fault, contribution among tortfeasors, and set-off.

4. Defendant Bickerton had no notice of the allegations of abuse by Zanella until May 23, 2023.

5. Defendant Bickerton alleges that Plaintiffs' damages, if any, are not of the nature and extent alleged.

6. Defendant Bickerton alleges that Plaintiffs' claims for non-economic damages are barred or limited by the provisions of C.R.S. § 13-21-102.5.

7. Defendant Bickerton alleges that Plaintiffs' claims for damages are subject to reduction based on compensation from another or collateral source.

8. Defendant Bickerton alleges that Plaintiffs' claims are barred as, at all times relevant to Plaintiffs' Complaint, Defendant Bickerton was performing a discretionary function and was otherwise acting in good faith and is, therefore, entitled to official, good faith, and qualified immunity.

9. Defendant Bickerton alleges that Plaintiffs' claims are barred as, at all times relevant to Plaintiffs' Complaint, Defendant Bickerton did not violate a clearly established statutory or constitutional right of Plaintiffs and, as a consequence, Plaintiffs' claims against Defendant Bickerton are barred by the doctrines of official, good faith, and qualified immunity.

10. Defendant Bickerton alleges that Plaintiffs' claims are barred by their failure to give a proper notice as required by the Colorado Governmental Immunity Act. C.R.S. § 24-10-109.

11. Defendant Bickerton alleges that Plaintiffs' claims are barred or otherwise limited by the provisions of C.R.S. § 24-10-101, et seq.

12. Defendant Bickerton alleges that Plaintiffs' claims for punitive or exemplary damages are barred or subject to the limitations of C.R.S. § 13-21-102.

13. Defendant Bickerton hereby adopts by reference any and all defenses pled by the other Defendant in this action.

14. Defendant Bickerton reserves the right to add or delete affirmative defenses as may become known through discovery or are supported by the evidence.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant Bickerton prays for dismissal of same, for costs expended in the defense hereof, for expert witness fees and attorney fees, and for such other and further relief as the Court deems just and proper.

**DEFENDANT BICKERTON REQUESTS TRIAL TO A JURY ON ALL CLAIMS.**

Respectfully submitted,

Date: December 16, 2024

s/ Sara L. Cook

Sara L. Cook
VAUGHAN & DeMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
(719) 578-5500 (phone)
scook@vaughandemuro.com (e-mail)
ATTORNEY FOR DEFENDANT BICKERTON

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | | |
|---|---|---|
| **David A. Lane, Esq.** dlane@killmerlane.com | **Liana Orshan, Esq.** lorshan@killmerlane.com | **Anna Holland Edwards, Esq.** anna@hheglaw.com |
| **Erica Grossman, Esq.** erica@hheglaw.com | **Calvin A. Marshall, Esq.** cmarshall@ozzellolaw.com | **Mark A. Ozzello, Esq.** mark@ozzellolaw.com |
| **Stephen James Baity, Esq.** sbaity@baitylegal.com | **Michael D. Drews, Esq.** mdrews@tysonmendes.com | **William Johnson, Esq.** Wjohnson@TysonMendes.com |
| **Heather Hanneman, Esq.** heather@rklawpc.com | **Josh Marks, Esq.** jam@bhgrlaw.com | **Geoffrey C. Klingsporn, Esq.** geoff.klingsporn@bhgrlaw.com |
| **Erik G. Fischer, Esq.** erik@fischerlawgroup.com | **Ashleigh Bravo, Esq.** ash@fischerlawgroup.com | |

and I hereby certify that the foregoing was placed in the U.S. Mail, postage prepaid, and addressed to the following:

[none]

s/ Sara L. Cook
Sara L. Cook