IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02546-RMR-NRN
(Consolidated with Civil Action No. 1:24-cv-02723)

LCI, a Minor, GMI, a Minor, MTI, a Minor, and KERI INNIS their Guardian, and Next Friend, XHK, a Minor, PRISCILLA MULLER and COLBY KUEMMERLIN, his Guardians, and Next Friends, MSH, a Minor, MATIN SAAHIRA HAAMID, her Guardian, and Next Friend, and MDF, a Minor, RAQUELLE FERGUSON and JONATHAN FERGUSON, his Guardians, and Next Friends AAW, a minor, and NIKITA ELIJAH, her Guardian and Next Friend, and

A.M., a minor, by and through their parents and next friends DAISY MONTGOMERY and BARCLAY MONTGOMERY; and I.H., a minor, by and through their parents and next friends SABRINA HERRICK and WILLIAM HAIRE,

Plaintiffs,

v.

POUDRE SCHOOL DISTRICT R-1; TYLER ZANELLA, an individual; and

DOES 1-50, who are presently unknown persons, and

WAYNE THORNES, in his individual capacity; EMILY BICKERTON, in her individual capacity; DAVID OLIVER, in his individual capacity; SONJA NOVOVESKY, in her individual capacity; and JOHN DOES 1-5,

Defendants.

---

**WAYNE THORNES' ANSWER TO A.M. AND I.H.'S COMPLAINT AND JURY DEMAND**

---

Defendant Wayne Thornes, by and through his counsel Recht Kornfeld, P.C, hereby answers Plaintiffs A.M. and I.H.'s Complaint and Jury Demand as follows:

1. Defendant Thornes admits the allegations contained in paragraph 1

but denies that Plaintiffs A.M. and I.H. were non-verbal.

2. Defendant Thornes admits that Plaintiffs A.M. and I.H. travelled to and from their school on the bus staffed by Defendant Zanella. Defendant Thornes further admits Defendant Zanella inflicted abuse on Plaintiffs A.M. and I.H. and learned about the abuse from the surveillance video. The video speaks for itself. Defendant Thornes was not made aware of any allegations of abuse being inflicted by Defendant Zanella until May 23, 2023. Defendant Thornes denies any remaining allegations contained in paragraph 2 not specifically admitted to herein.

3. Defendant Thornes is without sufficient or direct information regarding the specific conduct of Defendant Bickerton and only heard about the conduct of Bickerton upon receiving the complaint in Civil Action No. 1:24-cv-02723, and therefore denies the allegations in paragraph 3. Defendant Thornes denies any remaining allegations contained in paragraph 3.

4. Paragraph 4 contains a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

5. Paragraph 5 contains a legal conclusion to which no response is required. Defendant Thornes admits the allegations in paragraph 6 of the Complaint.

6. Paragraph 6 contains a legal conclusion to which no response is required.

## PARTIES

7. Defendant Thornes admits the allegations in paragraph 7 of the Complaint.

8. Defendant Thornes admits the allegations in paragraph 8 of the Complaint.

9. Defendant Thornes admits that Poudre School District ("PSD") is a public school district in Larimer County, Colorado. Defendant Thornes admits that PSD operates and manages public schools throughout Larimer County. Defendant Thornes admits that Defendant PSD manages the transportation of students to and from school. Defendant Thornes admits that PSD operated and managed the buses that took students to and from Shepardson Elementary school. The allegation in the first sentence of paragraph 9 regarding PSD being a "person" subject to suit is a legal conclusion which does not require a response from Defendant Thornes.

10. Defendant Thornes admits the allegations contained in paragraph 10 but denies to the extent paragraph 10 is construed and implies the commission of a tortious act, wrongdoing, or liability.

11. Defendant Thornes is without sufficient information to admit or deny the allegation in paragraph 11 of the Complaint, and therefore, denies the same.

12. Defendant Thornes admits the allegations in paragraph 12 of the Complaint.

13. Paragraph 13 is directed to another party, and therefore, no response is required. Defendant Thornes is without sufficient information to admit or deny the allegation in paragraph 13 of the Complaint, and therefore, denies the same.

14. Paragraph 14 is directed to another party, and therefore, no response is required. Defendant Thornes is without sufficient information to admit or deny the allegation in paragraph 14 of the Complaint, and therefore, denies the same.

15. Paragraph 15 is directed to another party, and therefore, no response is required. Defendant Thornes is without sufficient information to admit or deny the allegation in paragraph 15 of the Complaint, and therefore, denies the same.

16. Paragraph 16 is directed to other parties, and therefore, no response is required. Defendant Thornes is without sufficient information to admit or deny the allegation in paragraph 16 of the Complaint, and therefore, denies the same.

17. The allegation in paragraph 17 of the Complaint contains a definition articulated by the Plaintiffs' counsel, to which no response is required.

## FACTUAL ALLEGATIONS

18. With respect to the allegation in the first sentence of paragraph 18 of the Complaint, Defendant Thornes is without sufficient information to admit or deny the allegation, and therefore, denies the same. The second sentence of

paragraph 18 of the Complaint contains a legal conclusion to which no response is required by Defendant Thornes, and therefore, he denies the same. Defendant Thornes admits the allegation in the third sentence of paragraph 18 of the Complaint.

19. Defendant Thornes admits the allegation in the first sentence of paragraph 19 of the Complaint. Defendant Thornes is without sufficient information to admit or deny the allegation in the second sentence of paragraph 19, and therefore, denies the same.

20. Defendant Thornes admits the allegations in paragraph 20 of the Complaint with the proviso that he reviewed only some of the video footage provided to him by Defendant Bickerton during the evening of May 23, 2023.

21. Defendant Thornes admits the allegation in paragraph 21 of the Complaint.

22. Defendant Thornes admits that he contacted the parents of Plaintiff A.M. at Defendant Bickerton's request about Defendant Zanella's actions on May 23, 2023, and an in-person meeting was held on May 24, 2023. Defendant Thornes contacted I.H.'s parents on or about May 26, 2023. Defendant Thornes denies that he used the words "physically assaulted" and "verbally harassed."

23. Defendant Thornes admits that Plaintiff A.M. has autism and is mostly non-verbal. Defendant Thornes admits Plaintiff I.H. has moderate autism and limited verbal skills. Defendant Thornes admits that Defendant Zanella inflicted abuse on the Plaintiffs that he learned of on May 23, 2023. Defendant

Thornes is without sufficient information to admit or deny whether A.M. and I.H. were unable to tell their parents regarding Mr. Zanella's abuse.

24. Defendant Thornes is without sufficient information to admit or deny that Mr. Zanella's abuse occurred during the entire school year, and therefore, denies the same. To the best of Defendant Thornes' knowledge, all of the available bus footage was reviewed. Defendant Thornes admits that Mr. Zanella abused students on the bus.

25. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 25 of the Complaint, and therefore, denies the same.

26. Defendant Thornes admits the allegations contained in paragraph 26 but adds that he was not made aware of these occurrences until after May 23, 2023.

27. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 27 of the Complaint, and therefore, denies the same.

28. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 28 of the Complaint, and therefore, denies the same.

29. Defendant Thornes admits that he saw video footage of A.M. covering his head and ears. Defendant Thornes did not see this happening in real time.

30. Defendant Thornes admits that on or around April 18, 2023, A.M. showed up at school with red marks on his face. Defendant is without sufficient information to admit or deny that the marks on A.M.'s face were not present when

he got on the bus that morning, and therefore, denies the same.

31. Defendant Thornes is without sufficient information to admit or deny the allegations regarding Ms. Randall communications with A.M.'s mother in paragraph 31 of the Complaint, and therefore, denies the same. Defendant Thornes admits that Ms. Randall spoke with him regarding the marks on A.M.'s face.

32. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 32 of the Complaint, and therefore, denies the same.

33. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 33 of the Complaint, and therefore, denies the same.

34. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 34 of the Complaint, and therefore, denies the same.

35. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 35 of the Complaint, and therefore, denies the same.

36. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 36 of the Complaint, and therefore, denies the same.

37. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 37 of the Complaint, and therefore, denies the same.

38. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 38 of the Complaint, and therefore, denies the same.

39. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 39 of the Complaint, and therefore, denies the same.

40. Defendant Thornes admits that he viewed video footage of some of these incidents but not all of the incidents.

41. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 41 of the Complaint, and therefore, denies the same.

42. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 42 of the Complaint, and therefore, denies the same.

43. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 43 of the Complaint, and therefore, denies the same.

44. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 44 of the Complaint, and therefore, denies the same.

45. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 45 of the Complaint, and therefore, denies the same.

46. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 46 of the Complaint, and therefore, denies the same.

47. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 47 of the Complaint, and therefore, denies the same.

48. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 48 of the Complaint, and therefore, denies the same.

49. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 49 of the Complaint, and therefore, denies the same.

50. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 50 of the Complaint, and therefore, denies the same.

51. Defendant Thornes denies he knew that Mr. Zanella had a previous conviction for child abuse at the time he was hired. Defendant Thornes had no role in the hiring of Mr. Zanella.

52. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 52 of the Complaint, and therefore, denies the same.

53. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 53 of the Complaint, and therefore, denies the same.

54. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 54 of the Complaint, and therefore, denies the same.

55. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 55 of the Complaint, and therefore, denies the same. However, Defendant Thornes denies that he discussed Mr. Zanella's criminal history with Defendant Bickerton and agreed with her decision to allow Mr. Zanella to continue in the job.

56. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 56 of the Complaint, and therefore, denies the same.

57. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 57 of the Complaint, and therefore, denies the same.

58. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 58 of the Complaint, and therefore, denies the same.

59. Defendant Thornes denies the allegations in paragraph 59 of the Complaint.

60. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 60 of the Complaint, and therefore, denies the same.

61. Defendant Thornes denies that he took no significant action and denies being aware that there was a need to watch the bus video at the time referenced in the Complaint.

62. Defendant Thornes admits that there was a complaint by a mother of two children that Mr. Zanella had pulled one of her daughter's hair. Defendant Thornes admits that he interviewed S.L.E. and S.L.E. told him that it was only light tugging and it did not hurt. Defendant Thornes admits that S.L.E. did not confirm during the interview that Mr. Zanella flipped her off. Defendant Thornes admits that he spoke to Mr. Zanella about hair tugging and that Mr. Zanella told him that he was lightly tugging S.L.E.'s hair in a playful way in hopes to make her smile and to make a connection with her. Defendant Thornes admits that he told Mr. Zanella to stop this behavior. Defendant Thornes admits that he spoke with S.L.E. several weeks later and she told him that it had not happened again.

63. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 63 of the Complaint, and therefore, denies the same.

64. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 64 of the Complaint, and therefore, denies the same.

65. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 65 of the Complaint, and therefore, denies the same.

66. Defendant Thornes is without sufficient information to admit or deny

the allegations in paragraph 66 of the Complaint, and therefore, denies the same.

67. Defendant Thornes does not recall whether there was a second report of the hair pulling and Mr. Zanella flipping off S.L.E., and therefore denies the same.

68. Defendant Thornes denies the allegations in paragraph 68 of the Complaint. The second sentence of paragraph 68 of the Complaint contains a legal conclusion to which no response is required.

69. Defendant Thornes recollection is that the video was not working in December 2022. Given Mr. Zanella's reassurances that no abuse was happening, Defendant Thornes had no reason to suspect abuse and did not feel that he needed to monitor video footage.

70. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 70 of the Complaint, and therefore, denies the same.

71. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 71 of the Complaint, and therefore, denies the same.

72. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 72 of the Complaint, and therefore, denies the same.

73. Defendant Thornes admits that he received an email from Ms. Randall in mid-April, 2023 about Mr. Zanella lifting students into their seats by their wrists. Defendant Thornes admits that he spoke to Mr. Zanella about this. Defendant Thornes denies that he did not take any action to protect students. He recommended to Ms. Randall that Mr. Zanella receive further training on how to

buckle in escalated students into their seats. PSD staff also provided modeling for Mr. Zanella to secure students in their seats.

74. Defendant admits that Ms. Randall informed him about a red mark on A.M.'s face but denies that she informed him that A.M. had a bruise on his face. Defendant Thornes was at a district office meeting and by the time he returned to the school, the mark was gone. Defendant Thornes admits that he spoke with Mr. Zanella about this and Mr. Zanella told him that A.M. was squirmy and wiggly that morning and pressed his forehead into the seat in front of him. Defendant Thornes admits that he had witnessed A.M. hitting his head on things in order to self-sooth and he thought Mr. Zanella's explanation was plausible.

75. Defendant Thornes denies the first sentence in paragraph 75 of the Complaint. The last sentence of paragraph 75 contains a legal conclusion to which no response is required.

76. Defendant Thornes is without sufficient information to admit or deny the allegations in paragraph 76 of the Complaint, and therefore, denies the same.

77. Defendant Thornes did not review any video footage of the events described in paragraph 77. He is without sufficient information to admit or deny the allegations in paragraph 77, and therefore, he denies the same.

78. Defendant Thornes admits the allegations in paragraph 78 of the Complaint.

79. Defendant Thornes denies the allegation in paragraph 79 of the Complaint.

80. Defendant Thornes is without sufficient information to admit or deny the allegation in the first sentence of paragraph 80, and therefore, denies the same. Defendant Thornes admits that no parents should have to learn about their child being repeatedly assaulted in a space they had trusted to be safe.

81. Defendant Thornes denies that he engaged in unlawful conduct. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 81, and therefore, denies the same.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983
### 14th Amendment – Deliberate Indifference
### (Against All Defendants)

82. Defendant Thornes hereby incorporates all of the foregoing responses as if fully set forth herein.

83. Defendant Thornes denies the allegation contained in paragraph 83 to the extent that Plaintiffs imply that he performed acts beyond the bounds of his lawful authority. The allegation regarding "color of state law" is a legal conclusion to which no response is required.

84. Defendant Thornes admits the allegation in paragraph 84 that he acted within the course and scope of his official duties and employment with PSD at the relevant times but denies that any of his actions or inactions were improper or violated the law.

85. Paragraph 85 contains a legal conclusion to which no response is

required.

86. The allegations contained in paragraph 86 are not directed at Defendant Thornes, and therefore, no response is required from him. In addition, paragraph 86 contains a legal conclusion to which no response is required.

87. The allegation in paragraph 87 is not directed at Defendant Thornes, and therefore, no response is required from him.

88. The allegations contained in paragraph 88 are not directed at Defendant Thornes, and therefore, no response is required from him.

89. The allegations contained in paragraph 89 are not directed at Defendant Thornes, and therefore, no response is required from him.

90. Defendant Thornes admits that the Plaintiffs had disabilities. Defendant Thornes is without sufficient information to admit or deny the allegation in paragraph 90 that Plaintiffs were completely helpless, and therefore, denies the same. Defendant Thornes denies that the Plaintiffs were completely at his mercy. Defendant Thornes is without sufficient information to admit or deny the second sentence in paragraph 90, and therefore, denies the same. The allegation in paragraph 90 regarding a "special relationship" contains a legal conclusion to which no response is required.

91. Defendant Thornes denies that he made the decision to hire Mr. Zanella. Defendant Thornes denies that he failed to take prompt and effective remedial actions. Defendant Thornes denies that he knowingly and recklessly disregarded the risk of harm to Plaintiffs.

92. Defendant Thornes denies that he was deliberately indifferent to the risk of harm to Plaintiffs. Defendant Thornes denies that he made a conscious and deliberate decision not to protect the Plaintiffs.

93. Some of the allegations contained in paragraph 93 are not directed at Defendant Thornes, and therefore, no response is required from him regarding the other defendants. Defendant Thornes denies the remaining allegations in paragraph 93.

94. Some of the allegations contained in paragraph 94 are not directed at Defendant Thornes, and therefore, no response is required from him regarding the other defendants. Defendant Thornes denies that he had any involvement in the hiring of Mr. Zanella.

95. Some of the allegations contained in paragraph 95 are not directed at Defendant Thornes, and therefore, no response is required from him regarding the other defendants. Defendant Thornes denies the remaining allegations in paragraph 95 of the Complaint.

96. The allegations contained in paragraph 96 are not directed at Defendant Thornes, and therefore, no response is required from him.

97. The allegations contained in paragraph 97 are not directed at Defendant Thornes, and therefore, no response is required from him.

98. The allegations contained in paragraph 98 are not directed at Defendant Thornes, and therefore, no response is required from him.

99. The allegations contained in paragraph 99 are not directed at

Defendant Thornes, and therefore, no response is required from him.

100. Defendant Thornes denies the allegation regarding him in paragraph 100 of the Complaint.

101. Defendant Thornes denies the allegation regarding him in paragraph 101 of the Complaint.

102. Defendant Thornes denies the allegation regarding him in paragraph 102 of the Complaint.

103. Defendant Thornes denies the allegation regarding him in paragraph 103 of the Complaint.

104. Defendant Thornes denies the allegation regarding him in paragraph 104 of the Complaint.

105. Defendant Thornes denies the allegation regarding him in paragraph 105 of the Complaint.

106. Defendant Thornes denies the allegation regarding him in paragraph 106 of the Complaint.

107. Defendant Thornes denies the allegation regarding him in paragraph 107 of the Complaint.

108. Defendant Thornes denies the allegation regarding him in paragraph 108 of the Complaint.

109. Defendant Thornes denies the allegation regarding him in paragraph 109 of the Complaint.

110. Defendant Thornes denies the allegation regarding him in

paragraph 110 of the Complaint.

111. Defendant Thornes denies the allegation regarding him in paragraph 111 of the Complaint.

112. Defendant Thornes denies the allegation in paragraph 112 of the Complaint.

113. Defendant Thornes denies the allegation in paragraph 113 of the Complaint.

114. Defendant Thornes denies the allegation regarding him in paragraph 114 of the Complaint.

115. Defendant Thornes denies the allegation regarding him in paragraph 115 of the Complaint.

116. Defendant Thornes denies the allegation regarding him in paragraph 116 of the Complaint.

117. Defendant Thornes denies the allegation regarding him in paragraph 117 of the Complaint. In addition, paragraph 117 contains legal conclusions to which no response is required.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 12131 et seq.**
**Title II of the Americans with Disabilities Act of 1990, as Amended**
**Disability-Based Harassment and Discrimination**
**(Against Defendant PSD)**

118. Defendant Thornes hereby incorporates all of foregoing responses as if fully set forth herein.

119. Plaintiffs' Second Claim for Relief is asserted against Defendant

PSD. Therefore, the allegation contained in paragraph 119 is not directed at Defendant Thornes and no response is required. The allegation in paragraph 119 contains a legal conclusion to which no response is required.

120. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 120 is not directed at Defendant Thornes and no response is required. In addition, the allegation in paragraph 120 contains a legal conclusion to which no response is required.

121. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 121 is not directed at Defendant Thornes and no response is required. Paragraph 121 also contains a legal conclusion, and therefore, no response is required.

122. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 122 is not directed at Defendant Thornes and no response is required.

123. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 123 is not directed at Defendant Thornes and no response is required.

124. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 124 is not directed at Defendant Thornes and no response is required. In addition, Defendant Thornes is without sufficient information to admit or deny the allegation in paragraph 124 of the Complaint, and therefore, denies the same.

125. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 125 is not directed at Defendant Thornes and no response is required.

126. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 126 is not directed at Defendant Thornes and no response is required.

127. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 127 is not directed at Defendant Thornes and no response is required.

128. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 128 is not directed at Defendant Thornes and no response is required. In addition, Defendant Thornes is without sufficient information to admit or deny the allegations contained in paragraph 128, and therefore, denies the same.

129. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegations contained in paragraph 129 are not directed at Defendant Thornes and no response is required. In addition, Defendant Thornes is without sufficient information to admit or deny the allegations contained in paragraph 129, and therefore, denies the same.

130. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 130 is not directed at Defendant Thornes and no response is required.

131. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 131 is not directed at Defendant Thornes and no response is required.

132. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 132 is not directed at Defendant Thornes and no response is required.

133. The allegations contained in paragraph 133 are not directed at Defendant Thornes, and therefore, no response is required.

134. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegations contained in paragraph 134 are not directed at Defendant Thornes and no response is required.

135. Plaintiffs' Second Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 135 is not directed at Defendant Thornes and no response is required.

**THIRD CLAIM FOR RELIEF**

**29 U.S.C. § 701, et seq.**
**Section 504 of the Rehabilitation Act –**
**Disability-Based Harassment and Discrimination**
**(Against Defendant PSD)**

136. Defendant Thornes hereby incorporates all of foregoing responses as if fully set forth herein.

137. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 137 is not directed at Defendant

Thornes and no response is required. In addition, the allegation contains a legal conclusion to which no response is required.

138. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 138 is not directed at Defendant Thornes and no response is required. In addition, the allegation contains a legal conclusion to which no response is required.

139. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 139 is not directed at Defendant Thornes and no response is required. In addition, the allegation contains a legal conclusion to which no response is required.

140. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 140 is not directed at Defendant Thornes and no response is required. In addition, the allegation contains a legal conclusion to which no response is required.

141. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 141 is not directed at Defendant Thornes and no response is required. In addition, the allegation contains a legal conclusion to which no response is required.

142. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 142 is not directed at Defendant Thornes and no response is required.

143. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD.

Therefore, the allegation contained in paragraph 143 is not directed at Defendant Thornes and no response is required.

144. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 144 is not directed at Defendant Thornes and no response is required. In addition, Defendant Thornes is without sufficient information to admit or deny the allegation in paragraph 144, and therefore, denies the same.

145. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 145 is not directed at Defendant Thornes and no response is required.

146. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 146 is not directed at Defendant Thornes and no response is required.

147. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 147 is not directed at Defendant Thornes and no response is required. In addition, Defendant Thornes is without sufficient information to admit or deny the allegation in paragraph 147, and therefore, denies the same.

148. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 148 is not directed at Defendant Thornes and no response is required. In addition, paragraph 148 contains a legal conclusion to which no response is required.

149. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 149 is not directed at Defendant Thornes and no response is required. In addition, Defendant Thornes is without sufficient information to admit or deny the allegation in paragraph 149, and therefore, denies the same.

150. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 150 is not directed at Defendant Thornes and no response is required.

151. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 151 is not directed at Defendant Thornes and no response is required. In addition, paragraph 151 contains a legal conclusion to which no response is required.

152. Plaintiffs' Third Claim for Relief is asserted against Defendant PSD. Therefore, the allegation contained in paragraph 152 is not directed at Defendant Thornes and no response is required.

## FOURTH CLAIM FOR RELIEF

### Negligence
### (Against Individual Defendants)

153. Defendant Thornes hereby incorporates all of foregoing responses as if fully set forth herein.

154. The allegation contained in paragraph 154 contains a legal conclusion to which no response is required. Nonetheless, Defendant Thornes denies the allegation in paragraph 154.

155. Defendant admits the allegation in paragraph 155.

156. The allegation in paragraph 156 contains a legal conclusion regarding a “special relationship” to which no response is required.

157. The allegation in paragraph 157 contains a legal conclusion regarding “duty” to which no response is required.

158. The allegation in paragraph 158 contains a legal conclusion regarding “duty” to which no response is required.

159. The allegation in paragraph 159 contains a legal conclusion regarding breach of a duty to which no response is required.

160. Defendant Thornes admits that Plaintiffs were abused by Defendant Zanella. However, Defendant Thornes denies the remaining allegations in paragraph 160.

161. Defendant Thornes denies the allegation in paragraph 161. In addition, paragraph 161 contains a legal conclusion regarding “proximately caused” to which no response is required.

162. Defendant Thornes denies the allegation in paragraph 162. In addition, paragraph 162 contains a legal conclusion regarding “proximately caused” to which no response is required.

163. Defendant Thornes denies the allegation in paragraph 163.

164. Defendant Thornes denies that he was negligent. Defendant Thornes is without sufficient information to admit or deny the allegation regarding Plaintiffs’ injuries and therefore denies the same.

165. Defendant Thornes denies the allegation in paragraph 165.

**FIFTH CLAIM FOR RELIEF**

**Negligence Per Se**
**(Against Defendants Thornes, Oliver, and Novovesky)**

166. Defendant Thornes hereby incorporates all of the foregoing responses as if fully set forth herein.

167. Defendant Thornes denies the allegation in paragraph 167. In addition, paragraph 167 contains a legal conclusion to which no response is required.

168. Defendant Thornes admits that he was acting with the course and scope of his employment with PSD.

169. Paragraph 169 contains a legal conclusion to which no response is required.

170. Paragraph 170 contains a legal conclusion to which no response is required.

171. Paragraph 171 contains a legal conclusion to which no response is required.

172. Defendant Thornes denies that he "willfully" failed to report Mr. Zanella's abuse. In addition, paragraph 172 contains a legal conclusion to which no response is required.

173. Defendant Thornes denies the allegation in paragraph 173.

174. Defendant Thornes denies the allegation in paragraph 174.

175. Defendant Thornes denies the allegation in paragraph 175.

**SIXTH CLAIM FOR RELIEF**

**Outrageous Conduct**
**(Against Individual Defendants)**

176. Defendant Thornes hereby incorporates all of the foregoing responses as if fully set forth herein.

177. Defendant Thornes denies the allegation in paragraph 177. In addition, paragraph 177 contains a legal conclusion to which no response is required.

178. Defendant Thornes denies that he hired Mr. Zanella. Defendant Thornes denies the remaining allegations in paragraph 178.

179. Defendant Thornes denies the allegations in paragraph 179.

180. Defendant Thornes denies the allegations in paragraph 180.

181. Defendant Thornes denies the allegations in paragraph 181.

182. Defendant Thornes denies the allegations in paragraph 182.

183. Defendant Thornes denies the allegations in paragraph 183.

WHEREFORE, Defendant Thornes requests this Court dismiss Plaintiffs' Complaint with prejudice and award him his attorneys' fees and costs in defending against this action, together with all such other and further relief to which Defendant Thornes is entitled.

**AFFIRMATIVE DEFENSES**

1. Defendant Thornes' actions at all times complied with constitutional, statutory, and common law obligations.

2. Defendant Thornes' liability, if any, is limited to that amount represented by his pro-rata share of negligence or fault, if any, producing the claim, injury, damage, or loss pursuant to C.R.S. § 13-21-111.5.

4. In the event a verdict is rendered in favor of Plaintiffs and against Defendant Thornes, Defendant Thornes is entitled to a reduction of the damage award to the extent of any collateral source payments, pursuant to C.R.S. §13-21-111.6.

5. Plaintiffs cannot prove Defendant Thornes' conduct was deliberately indifferent to Plaintiffs.

6. Defendant Thornes is entitled to qualified immunity.

7. Defendant Thornes is immune from all state claims under the Colorado Governmental Immunity Act. Any and all state tort claims against Defendant Thornes are barred because the Court lacks subject matter jurisdiction over such claims pursuant to the Colorado Governmental Immunity Act, C.R.S. §§ 24-10-101 through 120.

8. Plaintiffs' recoverable damages, if any, are not to the nature and extent alleged and were not caused by Defendant Thornes.

9. Plaintiffs cannot state a claim for which relief may be granted.

10. Plaintiffs were not denied educational opportunities or benefits.

11. Defendant Thornes' actions were reasonable in light of known circumstances.

12. Plaintiffs may have failed to exhaust administrative remedies.

13. Punitive damages are not available on some or all claims for relief.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant Thornes hereby demands a jury trial.

Respectfully submitted this 16th day of December, 2024.

RECHT KORNFELD, PC

s/ Heather R. Hanneman
Heather R. Hanneman
1600 Stout St., Ste. 1400
Denver, CO 80202
303-573-1900
heather@rklawpc.com
Attorney for Wayne Thornes

CERTIFICATE OF SERVICE

I certify that on this 16th day of December, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties unless otherwise noted:

| | |
|---|---|
| Stephen James Baity<br>Baity & Lindvig, LLC<br>sbaity@baitylegal.com | Ashleigh E. Bravo<br>Erik G. Fischer, PC<br>ash@fischerlawgroup.com |
| Sarah Ludke Cook<br>Vaughn & DeMuro<br>scook@vaughnandemuro.com | Michael David Drews<br>Tyson & Mendes, LLP<br>mdrews@tysonmendes.com |
| Erik G. Fischer<br>Erik G. Fischer, PC<br>erik@fischerlawgroup.com | Erica Tick Grossman<br>Holland Holland Edwards & Grossman<br>egrossman@johnhollandlaw.com |
| Anna C. Holland-Edwards<br>Holland Holland Edwards & Grossman<br>anna@hheglaw.com | William R. Johnson<br>Tyson & Mendes<br>wjohnson@tysonmendes.com |
| Geoffrey Charles Klingsporn<br>Berg Hill Greenleaf Ruscitti, LLP<br>geoff.klingsporn@bhgrlaw.com | David A. Lane<br>Killmer Lane, LLP<br>dlane@killmerlane.com |
| Josh Adams Marks<br>Berg Hill Greenleaf & Ruscitti, LLP<br>jam@bhgrlaw.com | Calvin A. Marshall<br>The Ozzello Practice, PC<br>cmarshall@ozzellolaw.com |
| Liana Gerstle Orshan<br>Killmer Lane, LLP<br>lorshan@killmerlane.com | Mark Ozzello<br>The Ozzello Practice, PC<br>mark@ozzellolaw.com |
| Catharine Anne Tallerico<br>Lyons Gaddis, PC<br>ctallerico@lyonsgaddis.com | Dmitry B. Vilner<br>CO Attorney General's Office<br>dmitry.vilner@coag.gov |
| Tyler Zanella, pro se<br>tylerzanella@gmail.com (served by email) | |

/s/ Jordan Crouch
Jordan Crouch