IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02546-RMR-NRN
(Consolidated for all purposes with Civil Action No. 24-cv-02723-KAS)

LLCI, a minor, GMI, a minor, and MTI, a minor, by and through parent and next friend KERI INNIS; XHK, a minor, by and through parents and next friends PRISCILLA MULLER and COLBY KUEMMERLIN; MSH, a minor, by and through parent and next friend MATIN SAAHIRA HAAMID; and MDF, a minor, by and through parents and next friends RAQUELLE FERGUSON and JONATHAN FERGUSON,

Plaintiffs,

v.

POUDRE SCHOOL DISTRICT R-1; TYLER ZANELLA, an individual; and DOES 1-50, who are presently unknown persons,

Defendants.

And

A.M., a minor, by and through their parents and next friends D.M. and B.M.; and I.H., a minor, by and through their parents and next friends S.H. and W.H.,

Plaintiff(s),

v.

POUDRE SCHOOL DISTRICT R-1; WAYNE THORNES, in his individual capacity; EMILY BICKERTON, in her individual capacity; DAVID OLIVER, in his individual capacity; SONJA NOVOVESKY, in her individual capacity; and JOHN DOES 1-5, in their individual capacities,

Defendant(s).

---

**DEFENDANT SONJA NOVOVESKY'S ANSWER TO PLAINTIFFS' COMPLAINT**

---

Defendant Sonja Novovesky ("Defendant Novovesky"), through counsel, hereby submits the following Answer in response to Plaintiffs A.M (a minor, by and through their parents and next friends D.M. and B.M) and I.H (a minor, by and through their parents and next friends S.H. and W.H)'s Complaint and Jury demand ("Complaint"):

## I. INTRODUCTION

1.-4. The paragraphs contained in the Introduction section of the Complaint are argument, not a short and plain statement of Plaintiffs' claims, and no response is required. To the extent a response is required, Defendant Novovesky denies the allegations of the Introduction.

## II. JURISDICTION AND VENUE

5. The allegations in paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Defendant Novovesky admits that this Court has jurisdiction over Plaintiffs' claims.

6. The allegations in paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Defendant Novovesky admits that venue is proper.

## III. PARTIES

7. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 7 and therefore denies them.

8. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 8 and therefore denies them.

9. Defendant Novovesky admits the factual allegations in paragraph 9.

10. The allegations in paragraph 10 contain legal conclusions and argument to which no response is required. To the extent a response is required, Defendant Novovesky denies the allegations in paragraph 10.

11. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 11 and therefore denies them.

12. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 12 and therefore denies them.

13. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 13 and therefore denies them.

14. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 14 and therefore denies them.

15. Defendant Novovesky admits that she is a citizen of the United States and resident of Colorado, serves as a Transportation Supervisor for Poudre School District, and was acting within the scope of her official duties and under color of state law in that capacity insofar as this Defendant's understanding of the actions she undertook in connection with this matter.

16. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 16 and therefore denies them.

17. Paragraph 17 is a definitional statement to which no response is required.

## IV. FACTUAL ALLEGATIONS

18. Defendant Novovesky admits on August 24, 2022, initial hiring approval of Defendant Zanella was granted by Defendant Bickerton to Defendant Novovesky. Defendant Novovesky further admits paraprofessionals assist children with all types of special needs, including those who cannot assist themselves, and that Defendant Zanella's duties included tending to the children on the bus by, for example, helping them buckle in and stay safe during transport. Defendant Novovesky denies any remaining allegations contained in paragraph 18 not specifically admitted herein.

19. Defendant Novovesky admits the factual allegations contained in the first sentence of paragraph 19, but is without sufficient knowledge to admit or deny the remaining allegations of this paragraph

20. Defendant Novovesky admits the factual allegations contained in paragraph 20.

21. Defendant Novovesky admits the factual allegations contained in paragraph 21.

22. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 22 and therefore denies them.

23. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 23 and therefore denies them.

24. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 24 and therefore denies them.

25. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 25 and therefore denies them.

26. Defendant Novovesky admits Defendant Zanella inflicted abuse on Plaintiff A.M. on multiple bus rides in March, April, and May 2023, the extent and manner of which was captured by surveillance video which speaks for itself, and any characterization is denied. Defendant Novovesky denies any remaining allegations not specifically admitted herein.

27. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 27 and therefore denies them.

28. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 28 and therefore denies them.

29. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 29 and therefore denies them.

30. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 30 and therefore denies them.

31. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 31 and therefore denies them.

32. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 32 and therefore denies them.

33. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 33 and therefore denies them.

34. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 34 and therefore denies them.

35. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 35 and therefore denies them.

36. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 36 and therefore denies them.

37. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 37 and therefore denies them.

38. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 38 and therefore denies them.

39. Defendant Novovesky admits Defendant Zanella inflicted abuse on Plaintiff I.H. at times, the extent and manner of which was captured by bus surveillance video, which speaks for itself and any characterization is denied.

40. Defendant Novovesky admits Defendant Zanella inflicted abuse on Plaintiff I.H. on multiple bus rides in March, April, and May 2023, the extent and manner of which was captured by surveillance video which speaks for itself and any characterization is denied. Defendant Novovesky denies any remaining allegations not specifically admitted herein.

41. Defendant Novovesky is without sufficient information to admit or deny the allegations in paragraph 41, and therefore denies them.

42. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 42 and therefore denies them.

43. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 43 and therefore denies them.

44. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 44 and therefore denies them.

45. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 45 and therefore denies them.

46. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 46 and therefore denies them.

47. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 47 and therefore denies them.

48. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 48 and therefore denies them.

49. Defendant Novovesky admits that Mr. Zanella was criminally charged by the District Attorney's office but is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 49 of the Complaint and therefore denies them.

50. Defendant Novovesky admits that Defendant Zanella was sentenced to prison but is without sufficient knowledge or information regarding the remaining allegations in paragraph 50 of the Complaint and therefore denies them..

51. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 51 and therefore denies them.

52. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 52 and therefore denies them.

53. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 53 and therefore denies them.

54. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 54 and therefore denies them.

55. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 55 and therefore denies them.

56. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 56 and therefore denies them.

57. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 57 and therefore denies them.

58. Defendant Novovesky admits on August 24, 2022, initial hiring approval of Defendant Zanella was granted by Defendant Bickerton to Defendant Novovesky. Defendant Novovesky is without sufficient information to admit or deny the remaining factual allegations in paragraph 58 and therefore denies them

59. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 59 and therefore denies them.

60. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 60 and therefore denies them.

61. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 61 and therefore denies them.

62. Defendant Novovesky admits that in December 2023 she was made aware of a complaint by SLE, the mother of two children, that Mr. Zanella had pulled one daughter's hair and flipped her off. Defendant Novovesky denies the remaining allegations in paragraph 62 of the Complaint.

63. Defendant Novovesky admits that in December 2023 she was made aware of a complaint by SLE, the mother of two children, that Mr. Zanella had pulled one daughter's hair and flipped her off. Defendant Novovesky denies the remaining allegations in paragraph 63 of the Complaint, and specifically denies the actions and statements attributed to her in paragraph 63.

64. Defendant Novovesky admits the factual allegations in paragraph 64 of the Complaint.

65. Defendant Novovesky denies the allegations in paragraph 65 of the Complaint.

66. Defendant Novovesky denies the allegations in paragraph 66 of the Complaint.

67. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 67 and therefore denies them.

68. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 68 and therefore denies them.

69. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 69 and therefore denies them. However, Defendant Novovesky admits on May 23, 2023, she reviewed bus surveillance video for the first

time in response to a parent's complaint about Defendant Zanella verbally abusing a student.

70. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 70 and therefore denies them.

71. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 71 and therefore denies them.

72. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 72 and therefore denies them.

73. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 73 and therefore denies them.

74. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 74 and therefore denies them.

75. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 75 and therefore denies them.

76. Defendant Novovesky admits the factual allegations in paragraph 76 of the Complaint; however, the referenced email and attachments speak for themselves and any characterization is denied.

77. Defendant Novovesky admits the factual allegations in paragraph 77 of the Complaint; the referenced conversation was captured on surveillance video, which speaks for itself and any characterization is denied.

78. Defendant Novovesky admits that Defendant Oliver retired at the end of the 2022-2023 school year but is without sufficient information to admit or deny the remaining factual allegations in paragraph 78 and therefore denies them.

79. The allegations in paragraph 79 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations in paragraph 79.

80. Defendant Novovesky is without sufficient information to admit or deny the factual allegations in paragraph 80 and therefore denies them.

81. The allegations in paragraph 81 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations in paragraph 81.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### 14th Amendment – Deliberate Indifference
### (Against All Defendants)

82. Defendant Novovesky incorporates the allegations contained in paragraphs 1 – 81 above in response to paragraph 82 of Plaintiffs' Complaint.

83. The allegations in paragraph 83 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

84. Defendant Novovesky admits she acted within the course and scope of her official duties and employment with PSD as she understands her actions concerning this matter. The remaining allegations in paragraph 84 are directed at other defendants

and no response is required; to the extent a response is required, Defendant Novovesky denies the remaining allegations.

85. The allegations in paragraph 85 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

86. The allegations in paragraph 86 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

87. The allegations in paragraph 87 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

88. The allegations in paragraph 88 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

89. The allegations in paragraph 89 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

90. The allegations in paragraph 90 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

91. The allegations in paragraph 91 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

92. The allegations in paragraph 92 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

93. The allegations in paragraph 93 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

94. A portion of the allegations in paragraph 94 are directed at other defendants, to which no response is required. As to the allegations directed at her, Defendant Novovesky denies the allegations and specifically denies that her duties or authority included giving “guidance to PSD employees regarding the practice of hiring.”

95. A portion of the allegations in paragraph 95 are directed at other defendants, to which no response is required. As to the allegations directed at her, Defendant Novovesky denies the allegations and specifically denies that her duties or authority included setting policy for reviewing surveillance video.

96. The allegations in paragraph 96 are legal conclusions directed at other defendants to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

97. The allegations in paragraph 97 are legal conclusions directed at other defendants to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

98. The allegations in paragraph 98 are legal conclusions directed at other defendants to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

99. The allegations in paragraph 99 are legal conclusions directed at other defendants to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

100. The allegations in paragraph 100 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

101. The allegations in paragraph 101 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

102. The allegations in paragraph 102 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations, and specifically denies any allegations of actual knowledge.

103. The allegations in paragraph 103 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

104. The allegations in paragraph 104 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations, and specifically denies any allegations of actual knowledge.

105. The allegations in paragraph 105 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

106. The allegations in paragraph 106 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

107. The allegations in paragraph 107 are directed in part to other defendants and no response to such allegations is required from Defendant Novovesky. To the extent the allegations are directed at her, Defendant Novovesky denies the allegations in paragraph 107.

108. The allegations in paragraph 108 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

109. The allegations in paragraph 109 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

110. The allegations in paragraph 110 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

111. The allegations in paragraph 111 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations, and specifically denies any allegations of actual knowledge.

112. The allegations in paragraph 112 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

113. The allegations in paragraph 113 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

114. The allegations in paragraph 114 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

115. The allegations in paragraph 115 contain legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies those allegations. Defendant Novovesky is without sufficient knowledge to admit or deny allegations regarding the nature and extent of Plaintiffs' damages, if any, and therefore denies such allegations.

116. The allegations in paragraph 116 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

117. The allegations in paragraph 117 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 12131, *et seq.***
**Title II of the Americans with Disabilities Act of 1990, As Amended**
**Disability – Based on Harassment and Discrimination**
**(Against Defendant PSD)**

**THIRD CLAIM FOR RELIEF**
**29 U.S.C. § 701, *et seq.***
**Section 504 of the Rehabilitation Act –**
**Disability-Based on Harassment and Discrimination**
**(Against Defendant PSD)**

118-152. These allegations appear to relate to claims against Defendant PSD only, and therefore are not addressed by Defendant Novovesky.

**FOURTH CLAIM FOR RELIEF**
**Negligence**
**(Against Individual Defendants)**

153. Defendant Novovesky incorporates the allegations contained in paragraphs 1 – 152 above in response to paragraph 153 of Plaintiffs' Complaint.

154. The allegations in paragraph 154 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

155. Defendant Novovesky admits she was asking within the course and scope of her employment with PSD in regards to the actions that she knows she undertook regarding this matter. The remaining allegations in paragraph 155 are directed at other

defendants and no response from Defendant Novovesky is required; to the extent a response is required, Defendant Novovesky denies the remaining allegations.

156. The allegations in paragraph 156 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

157. The allegations in paragraph 157 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

158. The allegations in paragraph 158 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

159. The allegations in paragraph 159 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations, and specifically denies any allegations of a duty "to train and/or set policies for PSD employees."

160. The allegations in paragraph 160 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

161. The allegations in paragraph 161 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

162. The allegations in paragraph 162 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

163. The allegations in paragraph 163 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

164. The allegations in paragraph 164 contain legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies those allegations. Defendant Novovesky is without sufficient knowledge to admit or deny allegations regarding the nature and extent of Plaintiffs' damages, if any, and therefore denies such allegations.

165. The allegations in paragraph 165 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

**FIFTH CLAIM FOR RELIEF**
**Negligence Per Se**
**(Against Defendants Thornes, Oliver, and Novovesky)**

166. Defendant Novovesky incorporates the allegations contained in paragraphs 1 – 165 above in response to paragraph 166 of Plaintiffs' Complaint.

167. The allegations in paragraph 167 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

168. Defendant Novovesky admits she was asking within the course and scope of her employment with PSD regarding the actions she knows she undertook concerning this matter. The remaining allegations in paragraph 168 are directed at other defendants and no response from Defendant Novovesky is required; to the extent a response is required, Defendant Novovesky denies the remaining allegations.

169. The allegations in paragraph 169 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

170. The allegations in paragraph 170 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

171. The allegations in paragraph 171 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

172. The allegations in paragraph 172 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

173. The allegations in paragraph 173 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

174. The allegations in paragraph 174 contain legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies

those allegations. Defendant Novovesky is without sufficient knowledge to admit or deny allegations regarding the nature and extent of Plaintiffs' damages, if any, and therefore denies such allegations.

175. The allegations in paragraph 175 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

**SIXTH CLAIM FOR RELIEF**
**Outrageous Conduct**
**(Against Individual Defendants)**

176. Defendant Novovesky incorporates the allegations contained in paragraphs 1 – 175 above in response to paragraph 176 of Plaintiffs' Complaint.

177. The allegations in paragraph 177 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

178. The allegations in paragraph 178 contain legal conclusions to which no response is required, and factual allegations directed at other defendants to which no response from Defendant Novovesky is required; to the extent a response is required, Defendant Novovesky denies the allegations.

179. The allegations in paragraph 179 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

180. The allegations in paragraph 180 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

181. The allegations in paragraph 181 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

182. The allegations in paragraph 182 contain legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies those allegations. Defendant Novovesky is without sufficient knowledge to admit or deny allegations regarding the nature and extent of Plaintiffs' damages, if any, and therefore denies such allegations.

183. The allegations in paragraph 183 are legal conclusions to which no response is required; to the extent a response is required, Defendant Novovesky denies the allegations.

## PRAYER FOR RELIEF

Defendant Novovesky denies that Plaintiffs are entitled to any of the relief requested in their "prayer for relief" to the extent those requests are directed at Defendant Novovesky.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Defendant Novovesky is entitled to qualified immunity and/or governmental immunity.

3. Plaintiffs' injuries may result from their own actions and/or the actions of third parties.

4. Plaintiffs lack standing to warrant declaratory or injunctive relief.

5. Defendant Novovesky's liability, if any, is limited to that amount represented by her *pro rata* share of negligence or fault, if any, producing the claim, injury, damage, or loss, pursuant to C.R.S. § 13-21-111.5.

6. To the extent Plaintiffs claim continuing damages, those damages should be reduced by their failure to mitigate them.

7. Punitive damages are not available on some or all of Plaintiffs' claims.

8. Defendant Novovesky reserves the right to assert additional affirmative defenses as they become known through disclosure and discovery, including those asserted by other defendants.

## JURY DEMAND

Defendant Sonja Novovesky requests a trial to a jury on all issues so triable.

Respectfully submitted this 16th day of December 2024.

BERG HILL GREENLEAF RUSCITTI LLP

*s/ Geoffrey C. Klingsporn*

Josh A. Marks
Geoffrey C. Klingsporn
1712 Pearl Street
Boulder, CO 80302
Phone: (303) 402-1600
Fax: (303) 402-1601
Email: jam@bhgrlaw.com
geoff.klingsporn@bhgrlaw.com

*Attorneys for Defendant Sonja Novovesky*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of December 2024, I electronically filed the foregoing **DEFENDANT SONJA NOVOVESKY'S ANSWER TO PLAINTIFFS' COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses,

David A. Lane
Liana G. Orshan
Killmer Lane, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
dlane@kilmerlane.com
lorshan@kln-law.com

Anna C. Holland Edwards
Erica T. Grossman
Holland, Holland Edwards
& Grossman, LLC
1437 High Street
Denver, CO 80218
anna@hheglaw.com
egrossman@hheglaw.com

Mark A. Ozzello
Calvin A. Marshall
The Ozzello Practice, PC
400 Continental Boulevard, 6th Floor
El Segundo, CA 90245
mark@ozzellolaw.com
cmarshall@ozzellolaw.com

Stephen Baity
Baity & Lindvig, LLC
P.O. Box 370232
Denver, CO 80237
sbaity@bairylegal.com

William R. Johnson
Tyson & Mendes LLP
1616 Westgate Circle, Suite 330
Brentwood, TN 37027
wjohnson@tysonmendes.com

Michael D. Drews
Tyson & Mendes LLP
200 Union Boulevard, Suite 200
Lakewood, CO 80228
mdrews@tysonmendes.com

Sara L. Cook
Vaughan & DeMuro
111 South Tejon Street, Suite 545
Colorado Springs, CO 80903
scook@vaughandemuro.com

Heather R. Hanneman
1600 Stout Street, Suite 1400
Denver, CO 80202
heather@rklawpc.com

Erik G. Fischer
Ashleigh Bravo
Fischer Law Group, P.C.
125 South Howes, Suite 900
Fort Collins, CO 80521
erik@fischerlawgroup.com
ash@fischerlawgroup.com

*s/ Cheryl Stasiak*
Cheryl Stasiak