**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-02546-RMR-NRN

LCI, a minor, GMI, a minor, and MTI, a minor, by and through parent and next friend KERI INNIS; XHK, a minor, by and through parents and next friends PRISCILLA MULLER and COLBY KUEMMERLIN; MSH, a minor, by and through parent and next friend MATIN SAAHIRA HAAMID; and MDF, a minor, by and through parents and next friends RAQUELLE FERGUSON and JONATHAN FERGUSON, and

A.M., a minor, by and through their parents and next friends D.M. and B.M.; and I.H., a minor, by and through their parents and next friends S.H. and W.H.,

Plaintiffs,

v.

POUDRE SCHOOL DISTRICT R-1; TYLER ZANELLA, an individual; and DOES 1-50, who are presently unknown persons, and WAYNE THORNES, in his individual capacity; EMILY BICKERTON, in her individual capacity; DAVID OLIVER, in his individual capacity; SONJA NOVOVESKY, in her individual capacity;

Defendants.

---

# DEFENDANT, DAVID OLIVER'S, MOTION TO DISMISS

---

COMES NOW Defendant, David Oliver, by and through counsel, *Fischer Law Group, P.C.*, and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), seeks dismissal from this action, and in support of his Motion to Dismiss, states as follows:[1]

## I. INTRODUCTION

This case stems from the alleged abuse and mistreatment of vulnerable elementary school children with disabilities by Defendant Zanella, a school bus attendant employed by Poudre School

[1] **Certificate of Conferral:** Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Mr. Oliver has conferred with counsel for Plaintiffs, who indicated Plaintiffs oppose the relief requested herein. The parties have discussed these issues, disagree, hence the filing of this motion.

District. Plaintiffs allege that Defendant Zanella engaged in a series of physical and psychological abuses against students, including Plaintiffs, while Defendant Oliver, the bus driver, purportedly failed to intervene. Plaintiffs assert various claims against Defendant Oliver, including claims under 42 U.S.C. § 1983, negligence, and outrageous conduct. The claims against Defendant Oliver are based on his alleged inaction rather than any direct participation in or endorsement of the abusive conduct. This case raises significant questions about the scope of liability for public employees under federal civil rights law and tort law, particularly regarding omissions and the existence of affirmative duties to act. Plaintiffs' allegations, even if true, fail to establish Defendant Oliver's liability under the law. Accordingly, for the reasons set forth below, the claims against Defendant Oliver should be dismissed with prejudice.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief ... plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007)). "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); see also *Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (*quoting Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191. Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some

viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

Similarly, under Rule 12(b)(1), dismissal is appropriate when the court lacks subject matter jurisdiction. Plaintiffs bear the burden of demonstrating jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In considering a motion under either rule, courts must accept well-pleaded factual allegations as true but need not accept conclusory statements or legal conclusions disguised as facts. *Twombly*, 550 U.S. at 555.

## III. ARGUMENT

### A. Plaintiffs Fail to State a Viable Claim Against Mr. Oliver Under 42 U.S.C. § 1983

*i. Lack of Personal Participation*

Section 1983 imposes liability only for personal participation in the deprivation of constitutional rights. Plaintiffs must allege that Defendant Oliver directly participated in, or had a causal connection to, the alleged constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Plaintiffs allege that Mr. Oliver was aware of Defendant Zanella's behavior but fail to plausibly allege that Mr. Oliver acted with deliberate indifference to Plaintiffs' constitutional rights. At most, Plaintiff asserts that the content of an alleged communication between Defendant Zanella and Mr. Oliver contained inappropriate themes.

The Due Process Clause protects individuals from arbitrary government action that "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). In the Tenth Circuit, deliberate indifference to a substantial risk of harm may satisfy this standard only where the defendant had actual knowledge of the risk and chose to disregard it. *Prince v. Sheriff of Carter Cty.*, 28 F.4th 1033, 1050 (10th Cir. 2022); *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Here, there is no indication that the alleged action and inaction alleged against Mr. Oliver can meet the threshold. Plaintiffs' allegations regarding Mr. Oliver's alleged awareness of Defendant Zanella's conduct or engagement in

a discussion do not meet this bar. The Complaint lacks specific facts showing Mr. Oliver's deliberate indifference or any affirmative actions that contributed to the actual harm alleged. In respect to the assertion that Mr. Oliver was placed on notice by any complaints that were allegedly conveyed by a supervisor, such alleged conduct was clearly already known by individuals above Mr. Oliver's station—who were positioned to investigate and address the allegations contained within the respective complaints.

The Complaint does not allege that Mr. Oliver maintained a supervisory role over Defendant Zanella—nor could it. Mr. Oliver was hired as a bus driver. Mr. Zanella was hired as a bus attendant. As alleged in the complaint, those assigned with the role of bus attendant were hired to assist "bus drivers on routes where such assistance was needed or required by federal law under a student's individualized transportation plan," and to act as the individual charged with "tending to the children on the bus." *See Complaint*, p. 5, ¶18. There is no support for the inference that Mr. Oliver would have to be tasked with supervision over the individual who was assigned to manage and assist the students while Mr. Oliver was simultaneously operating the vehicle. However, even were Mr. Oliver tasked with a supervisory role, as a general matter, § 1983 does not recognize a concept of strict supervisor liability. The defendant's role must be more than one of abstract authority over individuals who is alleged to have committed a constitutional violation. *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Moreover, the Supreme Court has emphasized that omissions alone rarely establish liability under the Due Process Clause. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989). Plaintiffs' claims against Mr. Oliver amount to allegations of inaction, insufficient to establish liability under Section 1983, in a case in which Mr. Oliver had no knowledge of the conduct allegedly perpetrated by Defendant Zanella

*ii. Qualified Immunity*

Qualified immunity protects government officials from liability unless their conduct violates clearly established law. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). For qualified immunity to not apply, the plaintiff must demonstrate both (1) a violation of a constitutional right and (2) that the right was clearly established at the time of the conduct. *Id*. As discussed above, Plaintiffs failed to provide a cognizable claim that Mr. Oliver's conduct violated their constitutional rights. Absent an affirmative duty to act, Mr. Oliver's alleged failure to intervene and alleged private discussion do not constitute a constitutional violation.

Even if Plaintiffs could establish a constitutional violation, they fail to identify clearly established precedent that would put Mr. Oliver on notice that his inaction was subject to scrutiny under the Fourteenth Amendment. The Tenth Circuit has consistently held that liability under Section 1983 requires personal involvement. *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010). Plaintiffs cite no case law that could sufficiently establish that a school bus driver's failure to report or intervene in a co-worker's alleged misconduct constitutes a constitutional violation—especially when it was alleged that those above the coworker maintained notice.

For the law to be "clearly established," there ordinarily must be a Supreme Court or Tenth Circuit opinion on point, or the clearly established weight of authority from other circuits must point in one direction. *Pompeo v. Bd. of Regents of the Univ. of New Mexico*, 852 F.3d 973, 981 (10th Cir. 2017). It is not enough that the rule is suggested by then-existing precedent; the precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. *District of Columbia v. Wesby*, 583 U.S. 48, 63, 138 S. Ct. 577, 590 (2018). Even a "hint as to what the law may be cannot substitute for clearly established law." *Carabajal v. City of Cheyenne, Wyoming*, 847 F.3d 1203, 1213 (10th Cir. 2017). Otherwise, the rule is not one that "every reasonable official" would

know. *Wesby*, 138 S.Ct. at 590. The contours of the rule must be so well defined that it is "clear to a reasonable officer that his conduct was unlawful in the situation he confronted" *Id*. This requires a high "degree of specificity," *Id*. (quotation omitted), and is, thus, a demanding standard meant to protect "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Similarly, it was not clearly established that any alleged inaction or action of Mr. Oliver rises to the high level of outrageousness necessary to make a threshold showing of conscience shocking behavior. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998). Based on the above, Plaintiffs cannot show the state of the law was such that Mr. Oliver should have been aware that any of his inaction or action outlined in the complaint was unlawful or of sufficient degree to justify the removal of qualified immunity. Public policy further supports dismissing claims that seek to impose liability on public employees for discretionary decisions made in the course of their employment. Expanding liability under Section 1983 would deter individuals from serving in public roles.

For the reasons set forth above, Defendant Oliver respectfully requests that the Court dismiss the claim under 42 U.S.C. § 1983 as set forth against him.

**B. Plaintiffs' State Law Claims Are Barred by the Colorado Governmental Immunity Act**

Because Mr. Oliver was employed by the District when the events at issue here occurred, Plaintiffs' tort claims are all subject to the Colorado Governmental Immunities Act ("CGIA"), Colo. Rev. Stat. § 24-10-101 et seq. "A public employee is immune from liability on tort claims arising out of an act or omission of the employee during the performance of his or her duties and within the scope of his or her employment, unless the act or omission causing such injury was willful and wanton." *Carothers v. Archuleta Cty. Sheriff,* 159 P.3d 647, 650 (Colo. App. 2006) (citing C.R.S. § 24-10-105 and C.R.S. § 24-10-118). While "willful and wanton" is not defined in the CGIA, it has been interpreted to follow the

definition contained in Colorado's exemplary damages statute. Accordingly, willful and wanton conduct has been interpreted as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to the consequences, or the rights and safety of others, particularly the plaintiff[s]." Colo. Rev. Stat. § 13-21-102(1)(b); *Zerr v. Johnson*, 894 F.Supp. 372, 376 (D. Colo. 1995); *Moody v. Ungerer*, 885 P.2d 200, 205 (Colo. 1994). None of the allegations rise to the level of willful or wanton conduct on the part of Mr. Oliver. Further, the CGIA's immunity provisions reflect an intent to limit tort liability for public employees. Public policy considerations support dismissing claims against public employees for discretionary decisions or omissions made in good faith while performing official duties. Mr. Oliver had no actual knowledge of the alleged conduct of Mr. Zanella, or reason to suspect that any complaints fielded against him were not being managed by those who oversaw Mr. Zanella's position. Allowing Plaintiffs' claims to proceed against Mr. Oliver would undermine these protections and create a chilling effect on public service. Imposing liability on a public service worker for the independent alleged actions of co-workers absent clear legal duties or egregious misconduct would contravene the purpose of the CGIA. The CGIA and qualified immunity doctrines exist to prevent such overreach and ensure that public employees can perform their duties without undue fear of litigation.

**C. Plaintiffs Fail to State a Claim for Negligence Against Mr. Oliver**

Plaintiffs' allegations against Defendant Mr. Oliver do not amount to negligence. The allegations as set forth within the complaint do not establish the existence of an affirmative legal duty to "intervene," especially without adequate notice or control. *Complaint*, pp. 26-27. Further, negligence claims require a showing of duty, breach, causation, and damages. *United Blood Servs. v. Quintana*, 827 P.2d 509 (Colo. 1992); *Observatory Corp. v. Daly,* 780 P.2d 462 (Colo. 1989); *Perreira v. State*, 768 P.2d 1198 (Colo. 1989. Plaintiffs have failed to demonstrate that Defendant Oliver owed them a specific duty to intervene

or report. In Colorado, courts have held that duties arise in limited situations, often dependent on control or custody. *Perreira v. State*, 768 P.2d 1198, 1208 (Colo. 1989). Here, Defendant O's responsibility was limited to driving the bus, not overseeing or controlling the actions of Defendant Zanella.

Moreover, even if such a duty could be established, Plaintiffs have failed to demonstrate a breach. There are no allegations that Defendant Oliver observed or had actual knowledge of Defendant Zanella's allegedly abusive behavior while he was in operation of the vehicle. Absent actual or constructive knowledge of harm, there can be no breach of duty. Plaintiffs also fail to sufficiently allege causation, as the harms they describe are directly attributable to Defendant Zanella's conduct and not to any action or inaction by Defendant Oliver. Further, in respect to any alleged prior complaints, those who were stationed to investigate any such behavior had already retained notice.

Additionally, the policy implications of imposing negligence liability in this context are significant. Public employees, particularly those in subordinate roles like Defendant Oliver, should not bear responsibility for misconduct committed by co-workers in the absence of clear duties or knowledge of harm. Expanding negligence liability to encompass such circumstances would deter individuals from serving in roles requiring discretion and quick judgment to the tasks they were hired to accomplish.

Colorado law has consistently emphasized that negligence requires a clear nexus between the defendant's actions and the alleged harm. In this case, Defendant Oliver's conduct—limited to his responsibilities as a bus driver—cannot reasonably be construed as the proximate cause of Plaintiffs' injuries. Plaintiffs' failure to establish this essential element of negligence further underscores the inadequacy of their claim.

**D. Plaintiffs Fail to State a Claim for Negligence Per Se Against Mr. Oliver**

Plaintiffs allege that Defendant Oliver violated Colorado's mandatory reporting statute, C.R.S. § 19-3-304. Mandatory reporting statutes are intended to protect children by imposing obligations on

certain professionals to report suspected abuse. However, the Plaintiffs fail to establish how Colorado's mandatory reporting statute can create a private right of action. *Allstate Ins. Co. v. Parfrey*, 830 P.2d 905, 911 (Colo. 1992). Statutory duties must be expressly or implicitly intended to confer individual rights to support private claims. *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913 (Colo. 1997) (when statutory language indicates that legislature considered but chose not to include private remedy for damages, such remedy will not be inferred). Plaintiffs have not demonstrated such intent in this case. The absence of a statutory private right of action precludes Plaintiffs' negligence per se claim from proceeding. The absence of a statutory private right of action further underscores the CGIA's protections for public employees. Plaintiffs' reliance on mandatory reporting laws is misplaced and insufficient to overcome statutory immunity.

Further, even if a private right of action could be inferred, Plaintiffs have not demonstrated that Defendant Oliver's alleged failure to report caused their injuries. The harms described in the Complaint were directly caused by Defendant Zanella's conduct, not by any alleged delay or failure in reporting by Defendant Oliver. Plaintiffs cannot establish that any timely reporting by Mr. Oliver would have prevented the harm—especially since those above his station had already allegedly maintained the sole complaints. Restatement (Second) of Torts § 431 cmt. a (1965)) ("a necessary condition of legal causation is that the 'harm would not have occurred had the actor not been negligent'"). They have not made this showing, and without causation, a negligence per se claim cannot stand.

Expanding liability in this manner would undermine the statutory framework's intent, which prioritizes child protection over punitive measures against individuals acting in good faith. Imposing such liability on Defendant Oliver—whose role did not include supervisory responsibilities or direct observation of the misconduct—would create an unwarranted effect on public service.

### E. Plaintiffs Fail to State a Claim for Outrageous Conduct

To state a claim for outrageous conduct under Colorado law, Plaintiffs must allege behavior that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Culpepper v. Pearl St. Bldg., Inc.,* 877 P.2d 877, 882 (Colo. 1994) (quoting *Destefano v. Grabrian*, 763 P.2d 275, 286 (Colo. 1988)). Plaintiffs' allegations regarding Mr. Oliver's inaction fail to meet this standard. Further, there is no indication that mere allegations of negligence or poor judgment can satisfy the standard to bring a claim for outrageous conduct. *See Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999). Mr. Oliver's alleged failure to intervene, without more, does not rise to the level of outrageous conduct.

Colorado courts require claims for outrageous conduct to be supported by evidence of behavior that is truly egregious. In this case, Plaintiffs' allegations focus on Defendant Oliver's inaction rather than any affirmative misconduct. Defendant Oliver's responsibilities as a bus driver did not include supervising or managing Defendant Zanella while operating the vehicle, and there is no evidence of intentional or malicious conduct by Defendant Oliver. *See Destefano v. Grabrian*, 763 P.2d 275, 286 (Colo. 1988) (outrageous conduct claims requiring intentional or reckless behavior).

Moreover, the context of the alleged inaction further undermines Plaintiffs' claims. Defendant Oliver's role required him to operate the bus and ensure the safe transportation of students, not to oversee or intervene in the actions of a co-worker. Plaintiffs' attempt to impose liability on Defendant Oliver for failing to act in a situation where he lacked authority, knowledge, or control is inconsistent with the principles underlying claims of outrageous conduct.

Additionally, Plaintiffs have not demonstrated that Defendant Oliver's alleged inaction caused any specific harm beyond that attributable to Defendant Zanella's alleged conduct. Without a direct causal link between Defendant Oliver's actions and Plaintiffs' injuries, their claim for outrageous conduct

cannot succeed. *See Coors Brewing Co. v. Floyd*, 978 P.2d 665 (Colo. 1999); *see also Green v. Qwest Servs. Corp*., 155 P.3d 383, 385 (Colo. App. 2006). A clear connection between the defendant's behavior and the alleged harm is absent here.

Finally expanding the scope of liability for outrageous conduct to encompass situations like this one, in situations where an individual lacks authority or control would create an untenable standard, discouraging individuals from serving in such roles that involve any degree of discretionary decision-making. Plaintiffs' allegations against Defendant Oliver do not meet the threshold required for an outrageous conduct claim, and this claim should be dismissed.

## CONCLUSION

WHEREFORE, for the above reasons, Defendant David Oliver, respectfully requests that this Court dismiss all of Plaintiffs' Claims for Relief against him with prejudice and grant any further relief that may be appropriate.

Respectfully submitted this 3rd day of January, 2025.

Respectfully submitted,

**FISCHER LAW GROUP, P.C.**

*/s/ Ashleigh Bravo*
Ashleigh Bravo, #54653
125 South Howes Street, Suite 900
Fort Collins, CO 80521
Phone: (970) 482-4710
ash@fischerlawgroup.com

*/s/ Erik G. Fischer*
Erik G. Fischer, #16856
125 South Howes Street, Suite 900
Fort Collins, CO 80521
Phone: (970) 482-4710
erik@fischerlawgroup.com

*Attorneys for Defendant, David Oliver*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2025, a copy of the foregoing **DEFENDANT, DAVID OLIVER'S, MOTION TO DISMISS** was filed via CM/ECF, which will electronically serve all counsel of record.

/s/ *Ellie T. Elento*
Ellie T. Elento, Sr. Paralegal
*Fischer Law Group, P.C.*